FILED

10 OCT 20 PM 2: 35

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

1  **GARMO & GARMO LLP**
   **FREDDY ABRAHAM GARMO (STATE BAR NO. 176933)**
2  **VERONICA D. LOPEZ (STATE BAR NO. 243950)**
   **124 WEST MAIN STREET, SUITE 200**
3  **EL CAJON, CALIFORNIA 92020**
   **TEL: (619) 441-2500**
4  **FAX: (619) 631-6444**

5

6  Attorney for Plaintiffs
   FREDDY GARMO and STEVEN GARMO

7

8           **IN THE UNITED STATES DISTRICT COURT**

9         **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11 FREDDY GARMO, STEVEN GARMO former     )
   stockholders of AMERICAN JOY, INC.    )
12 dba M & S LIQUOR,                     ) **Case No.:**
                                         )
13      Plaintiffs,                      ) **'10 CV 2185 JM    BLM**
                                         )
14 V.                                    ) **COMPLAINT FOR DAMAGES AND**
                                         ) **INJUNCTIVE RELIEF**
15                                       )
   UNITED STATES OF AMERICA, TOM         ) **DEMAND FOR JURY TRIAL**
16 VILSACK, in his official capacity     ) **[F.R.C.P. Section**
   as Secretary of the United States     ) **38 (b); Local Rule 38.1]**
17 Department of Agriculture,            )
                                         )
18                                       )
        Defendants.                      )
19                                       )
   Serve: Laura E. Duffy                 )
20        United States Attorney         )
          Southern District of          )
21        California                     )
          Federal Office Building        )
22        880 Front Street, Room 6293    )
23        San Diego, California 92101    )
                                         )
24                                       )
          Tom Vilsack                    )
25        Secretary, USDA                )
          1400 Independence Ave., SW     )
26        Washington, D.C. 20250         )
                                         )
27

28

                              -1-

GARMO & GARMO LLP
ATTORNEYS AT LAW

## COMPLAINT

1.   This action is an appeal of an administrative decision of the Defendant Secretary of the United States Department of Agriculture. The decision assesses a Transfer of Ownership Civil Money Penalty (TOCMP) for alleged violations of the Supplemental Nutrition Assistance Program (SNAP - formerly known as the Food Stamp Program). The decision was based on erroneous interpretation of the applicable statutes and regulations; was arbitrary and capricious; and unconstitutional. Plaintiffs have exhausted all administrative remedies and are now requesting this Court to set aside the final agency decision.

I.

## THE PARTIES

2.   Plaintiffs, STEVEN GARMO and FREDDY GARMO, are individuals and are former owners of a store described as M & S Liquor located at 7459 Joy Road, Detroit, Michigan 48204.

3.   Defendant UNITED STATES OF AMERICA is the regulatory agency that permanently disqualified Plaintiffs from participating in the Food Stamp Program. Defendant TOM VILSACK is the Secretary of the United States Department of Agriculture (USDA). In this capacity as Secretary, the Defendant is responsible for the actions of USDA and its subordinate departments and agencies, including the Food and Nutrition Service.

GARMO & GARMO LLP
ATTORNEYS AT LAW

## II.

## **FACTS**

4.    In 2005 and 2006, Plaintiffs owned M & S Liquor, a grocery and liquor store in Detroit, Michigan. Many of its customers had low incomes and purchased food and other needed supplies with assistance from the Food Stamp Program. During all relevant times, Plaintiffs employed their brother to operate and manage the business.

5.    The Food Stamp Program (now SNAP) provides low-income households with coupons or electronic benefits they can use like cash at grocery stores to ensure that they have access to a healthy diet. The U.S.D.A. administers SNAP at the Federal level through its Food and Nutrition Service. State agencies administer the program at State and local levels, including determination of eligibility allotments, and distribution of benefits.

6.    On or about January 3, 2006, the Detroit Michigan Field Office sent a letter notifying M & S Liquor that it had compiled evidence suggesting that M & S Liquor had committed violations of Food Stamp Program regulations. The letter alleged that certain series of transactions between May and October 2005 were indicative of "trafficking." Also according to the letter, two months later in December 2005, two U.S.D.A. investigators purportedly inspected the business on separate occasions. (A copy of this letter is attached hereto as Exhibit "A" and incorporated by reference).

7.   On or about January 17, 2006, the Detroit Michigan Field Office sent a letter of correction to M & S Liquor. On or about January 17, 2006, Plaintiffs sent a letter to the Detroit Michigan Field Office in response. Plaintiff's response provided evidence refuting the alleged violations and notified the Field Office that the business was in the process of being sold.

8.   On or about April 5, 2006, the Detroit Michigan Field Office sent a letter notifying M & S Liquor of the decision to permanently disqualify the store from participating in the Food Stamp Program. (A copy of this letter is attached hereto as Exhibit "B" and incorporated by reference).

9.   M & S Liquor, through counsel, requested an administrative review based on the April 5, 2006 disqualification. The disqualification was sustained by an administrative review officer on August 3, 2006. (A copy of the "Final Agency Decision" is attached hereto as Exhibit "C" and incorporated by reference).

10.  On or about January 16, 2007, the Detroit Michigan Field Office sent a letter notifying the Plaintiffs that a TOCMP for $44,000 was being assessed against them based on the Plaintiffs' sale of the business. This action purported to be in accordance with the SNAP regulations at 7 CFR § 278.6(f)(2), (3) and (4). (A copy of the letter is attached hereto as Exhibit "D" and incorporated by reference).

11.  On or about February 6, 2007, the Plaintiffs submitted a request for administrative review. On or about March 2, 2007,

1  Plaintiffs, through counsel, sent a formal letter of appeal to

2  the appointed Administrative Review Officer. (A copy of the

3  letter is attached hereto as Exhibit "E" and incorporated by

4  reference).

5      12.  More than three years later, on or about September 22,

6  2010, the TOCMP was sustained by the Administrative Review

7  Officer. (A copy of the "Final Agency Decision" is attached

8  hereto as Exhibit "F" and incorporated by reference).

9      13.  Plaintiffs now request judicial review of this matter

10  and ask this Court to set aside the administrative decision.

**III.**

**JURISDICTION AND VENUE**

14      14.  This court has jurisdiction over this matter pursuant

to 28 USC §1331 and 7 USC §2023.

15      15.  Venue in this Court is proper pursuant to 28 USC

§§1391 (b) and (c).

**IV.**

**STARDARD OF REVIEW – JUDICIAL REVIEW**

16      16.  Pursuant to Section 279.10(c) of the regulations, the

suit in U.S. District Court shall be a trial de novo by the

Court in which the Court shall determine the validity of the

questioned administrative action.  If the Court determines that

the administrative action is invalid, it shall enter a judgment

or order which it determines in accordance with the law and the

evidence.  Further, the Court should make its own findings of

fact in reviewing disqualification determinations made by

GARMO & GARMO LLP
ATTORNEYS AT LAW

COMPLAINT

1  Department of Agriculture and not limit itself to matters
2  considered in administrative proceedings.   Saunders v. U.S.,
3  1974, 507 F.2d 549.  Modica v. U.S., 1975 518 F.2d 33.
4      17.  The standard of review for imposition of sanction for
5  violation of Food Stamp Program is whether Secretary of
6  Agriculture's action was arbitrary or capricious i.e. whether it
7  was warranted in law or without justification in fact.  Willy's
8  Grocery v. U.S. 1981, 656 F.2d 24, Bruno's Inc. v. U.S., 1980
9  624 F.2d 592.

**V.**

**JURY DEMAND**

12      18.  Pursuant to Rule 38 of the Federal Rules of Civil
13  Procedure, Plaintiffs hereby request a jury trial.

**CLAIM FOR RELIEF**

**Count One**

**Appeal of Administrative Decision**

18      19.  Plaintiffs re-allege and incorporate by reference
19  Paragraphs 1 through 18 as though fully set forth below.
20      20.   The decision of the Defendant was contrary to the law
21  set forth in the applicable statutes and regulations.
22      21.  The Defendant does not have the authority to take the
23  proposed action.
24      22.  The Defendant's actions have been arbitrary and
25  capricious.
26      23. The Defendant's actions are unconstitutional.

27
28

GARMO & GARMO LLP
ATTORNEYS AT LAW

1    **WHEREFORE**, Plaintiffs request the following relief:

2        1.   That this Court temporarily stay the administrative

3    action pending final judicial review;

4        2.   An order reversing Defendant's decision and imposition

5    of the TOCMP;

6        3.   Its costs and attorneys fees, if permitted by law, and

7        4.   Such other and further relief as the Court deems

8    proper.

9

10   DATED:   10/19/10

11                                        _____
                                         GARMO & GARMO LLP,
12                                        ATTORNEYS FOR PLAINTIFFS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





**United States Department of AGRICULTURE**

United States
Department of
Agriculture

**·FEDERAL EXPRESS**

January 3, 2006

Food and
Nutrition
Service

Steven Nazar Garmo, President
Freddy Abraham Garmo, Vice President
American Joy, Inc., D/b/a
M & S Liquor
7459 Joy Road
Detroit, Michigan 48204

Detroit
Field Office

Patrick V. McNamara
Building, Room 278
477 Michigan Ave.
Detroit, Michigan
48226-2518

Dear Messrs. Garmo:

Phone:
313-226-4930
FAX:
313-226-4584

This is to inform you that the U.S. Department of Agriculture's Food and
Nutrition Service (FNS) has compiled evidence which indicates that you,
Steven Nazar Garmo, President and Freddy Abraham Garmo, Vice
President, and stockholders of American Joy, Inc. doing business as M & S
Liquor, 7459 Joy Road in Detroit, Michigan have violated the terms and
conditions of the regulations governing the participation as a retailer in the
Food Stamp Program (FSP), 7 CFR Parts 270-282 (hereinafter referred to
as the FSP regulations). We have carefully analyzed records of the
Electronic Benefit Transfer (EBT) transactions generated by your firm during
the months of May through October 2005. A careful analysis of the records
revealed EBT transactions that establish a clear and repetitive pattern of
unusual, irregular, and/or inexplicable FSP activity. Based on this
information, we are charging you with the following violations:

1. In a series of Michigan Bridge Card transactions, multiple withdrawals
   were made from a single food stamp recipient's account within
   unusually short time frames. These transactions are listed in
   Attachment A.

2. In a series of Michigan Bridge Card transactions, consecutive
   withdrawals were made from the accounts of one or more food stamp
   recipients within unusually short time frames. These transactions are
   listed in Attachment B.

3. In a series of Michigan Bridge Card transactions, excessively large
   withdrawals were made from the accounts of the food stamp
   recipients. These transactions are listed in Attachment C.

4. In a series of Michigan Bridge Card transactions, there were an
   inordinate number of transactions ending in a same cents value.
   These transactions are listed in Attachment D.

AN EQUAL OPPORTUNITY EMPLOYER

American Joy, Inc. D/b/a
M & S Liquor                                                      Page 2

An USDA representative visited your firm on December 1, 2005. Based on this visit, the following determinations were made:  your store's staple food inventory, physical size, limited counter space and lack of shopping carts/baskets for customers to use and optical scanners does not support the food stamp transactions. Photographs were taken of your store to document the size and nature of your business. A second visit, conducted by an USDA representative on December 20, 2005 confirmed that your store condition was consistent with the previous visit and photographs were taken. In addition, Freddy Garmo, Vice President of American Joy, Inc., who identified himself as the manager verified the following: the store offers no credit to customers, there are two (2) cash register(s) used on a regular basis, shopping carts are used for empty beverage containers only, and there is no delivery service provided to the customers. Based on this information, we are charging you with trafficking violations (buying or selling of FSP benefits for cash or consideration other than eligible food).

If it is found that your firm has committed trafficking, it will be permanently disqualified from participating in the Food Stamp Program as provided by 7 CFR 278.6(e)(1)(i).   If it is determined that you have committed trafficking in food stamp benefits, civil or criminal action may also be taken against you by the United States Attorney.   In addition, a fiscal claim may be assessed to recover the monetary losses to the Federal Government resulting from trafficking violations.

We are providing you with an opportunity to explain the unusual and/or irregular EBT transactions noted in this Charge Letter and enclosure. If you have information or evidence to prove that the transactions identified were not trafficking, **it is important to reply in person or in writing to Shirley A. Myles, Officer-in-Charge (OIC) at (313) 226-4930 at the United States Department of Agriculture (USDA), Food and Nutrition Service, 477 Michigan Ave., Room 278, Detroit, Michigan within 10 days of your receipt of this letter. IF YOU DECIDE TO SCHEDULE A MEETING WITH THE OIC TO EXPLAIN THE ABOVE MENTIONED TRANSACTIONS, YOU MAY HAVE LEGAL COUNSEL PRESENT AT THAT MEETING. YOU, THE OWNER(S) OF RECORD, OR YOUR LEGAL COUNSEL, MUST BE PRESENT AT THIS MEETING WHICH WILL BE CONDUCTED IN ENGLISH.** We will fully consider your reply and any documentation you provide before we make a final decision in this matter. **HOWEVER, IF WE DO NOT HEAR FROM YOU WITHIN 10 DAYS OF RECEIPT OF THIS LETTER, YOU WILL BE DISQUALIFIED PURSUANT TO 7 CFR 278.6.**

American Joy, Inc. D/b/a
M & S Liquor                                                    Page 3

Section 14(a) of the Food Stamp Act, as amended, (the Act) and 7 CFR 278.6(c) provides that permanent disqualification of a firm shall be effective on the date of receipt of the letter informing the firm of the final decision. (7 U.S.C. 2023(a))

If it is determined that the trafficking violations noted above did, in fact, occur at your firm, your permanent disqualification from the FSP will begin on the date of receipt of our letter informing you of our decision.

Section 14(a) of the Act also provides that, if the permanent disqualification of your firm is later reversed through the appeal process, USDA will not be liable for the value of any sales lost during the period of disqualification. (7 U.S.C. 2023(a)(18))

The FSP regulations also provide that, under certain conditions, FNS may impose a civil money penalty (CMP) of up to $54,000 in lieu of permanent disqualification of a firm for trafficking. In order for you to be eligible for the CMP, there must be substantial evidence that your firm had an effective policy and program in place to prevent violations.

7 CFR 278.6(i) lists the criteria that must be met in order for you to be considered for a CMP. A copy of the regulations is enclosed. You must meet each of the four criteria listed and are required to provide the documentation as specified. **YOU MUST SUBMIT A REQUEST FOR A CMP, AS WELL AS THE REQUIRED DOCUMENTATION, TO THE OIC, (ADDRESS SHOWN ABOVE) WITHIN 10 DAYS OF YOUR RECEIPT OF THIS LETTER IN ORDER TO BE ELIGIBLE FOR CONSIDERATION. IF YOUR REQUEST AND THE REQUIRED DOCUMENTATION ARE NOT TIMELY SUBMITTED, YOU WILL LOSE YOUR RIGHT FOR ANY FURTHER CONSIDERATION FOR A CMP. IF IT IS DETERMINED THAT YOU QUALIFY FOR A CMP, THE AMOUNT OF THAT PENALTY WILL BE $54,000 WHICH YOU WILL BE REQUIRED TO PAY IN FULL WITHIN 30 DAYS OF YOUR RECEIPT OF THE DETERMINATION LETTER. THE AMOUNT OF THE CMP IMPOSED AGAINST YOU WAS CALCULATED IN ACCORDANCE WITH 7 CFR 278.6(j).**

**IF YOU ARE NOT ELIGIBLE FOR A CMP, OR IF YOU ARE ELIGIBLE BUT DO NOT SUBMIT THE FULL PAYMENT WITHIN THE REQUIRED TIME PERIOD, THE PENALTY IS <u>PERMANENT DISQUALIFICATION</u> .**

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC Program as a result of your disqualification from the FSP. In accordance with current law governing both the FSP and the WIC Program, such a WIC Program disqualification is not subject to administrative or judicial review under the WIC Program.

01/05/2008 16:09 FAX 248 626 0051          GARMO & GARMO                          ☑010

American Joy, Inc. D/b/a                                    Page 4
M & S Liquor

In the event that you sell or transfer ownership of your store subsequent to
your disqualification, you will be subject to and liable for a CMP as provided
by 7 U.S.C. 2021(e) and FSP regulations at 7 CFR 278.6(g) and 278.6(f)(2).
The amount of this sale or transfer CMP will reflect that portion of the
disqualification period that has not expired.

**REMEMBER, IF YOU HAVE EVIDENCE OR INFORMATION TO PRESENT
REGARDING THE SPECIFIC CHARGES, YOU SHOULD IMMEDIATELY
CONTACT SHIRLEY A. MYLES, OFFICER-IN-CHARGE, AT (313) 226-
4930, TO ARRANGE FOR AN INTERVIEW IN HER OFFICE.**

**THE OWNER OF RECORD, OR YOUR LEGAL COUNSEL MUST BE
PRESENT FOR THIS INTERVIEW, WHICH WILL BE CONDUCTED IN
ENGLISH.  IF THE OWNER OF RECORD HAS A NEED FOR
INTERPRETIVE SERVICES, THOSE SERVICES MUST BE PROVIDED BY
THE OWNER OF RECORD.**

**NO MINOR CHILDREN SHOULD BE BROUGHT TO THE INTERVIEW.**

**IF YOU SCHEDULE AN INTERVIEW AND FAIL TO KEEP THE
APPOINTMENT, WE WILL CONSIDER THAT ACTION AS A NON-
RESPONSE TO THIS LETTER.**

If you have any questions or require further information, please contact the
OIC identified above.

Sincerely,

Shirley A. Myles
Officer-in-Charge
Detroit Field Office

Enclosures

01/05/2006 16:09 FAX 248 826 0051          GARMO & GARMO                    ☑011

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

## ATTACHMENT A

In a series of Michigan Bridge Card (EBT) food stamp transactions, multiple withdrawals were made from accounts of a single food stamp recipient's. Those withdrawals were as follows:

| COUNT | STOREID | XTN DATE | XTN TIME | HOUSEHOLD | AMOUNT |
|---|---|---|---|---|---|
| | 0010232 | 9/7/2005 | 4:41:17 PM | 026012970219 | $0.30 |
| | 0010232 | 9/7/2005 | 4:41:56 PM | 026012970219 | $89.99 |
| | 0010232 | 9/8/2005 | 5:19:39 PM | 026012970219 | $37.99 |
| 1 | | | | | $128.28 |
| | 0010232 | 9/2/2005 | 8:36:53 PM | 126002575820 | $27.29 |
| | 0010232 | 9/2/2005 | 8:43:44 PM | 126002575820 | $60.99 |
| | 0010232 | 9/2/2005 | 8:45:53 PM | 126002575820 | $32.99 |
| | 0010232 | 9/4/2005 | 4:57:40 PM | 126002575820 | $2.00 |
| 2 | | | | | $123.27 |
| | 0010232 | 9/3/2005 | 11:20:06 AM | 226002658537 | $4.57 |
| | 0010232 | 9/3/2005 | 4:23:29 PM | 226002658537 | $79.99 |
| | 0010232 | 9/3/2005 | 4:26:09 PM | 226002658537 | $25.99 |
| 3 | | | | | $110.55 |
| | 0010232 | 9/7/2005 | 7:51:26 PM | 226003041630 | $35.11 |
| | 0010232 | 9/7/2005 | 8:58:48 PM | 226003041630 | $37.10 |
| | 0010232 | 9/8/2005 | 5:14:02 PM | 226003041630 | $49.99 |
| 4 | | | | | $122.20 |
| | 0010232 | 9/8/2005 | 8:33:40 PM | 226006797737 | $49.99 |
| | 0010232 | 9/9/2005 | 5:44:01 PM | 226006797737 | $1.59 |
| | 0010232 | 9/9/2005 | 5:48:33 PM | 226006797737 | $50.33 |
| 5 | | | | | $101.91 |
| | 0010232 | 9/8/2005 | 10:27:17 AM | 226008563632 | $68.99 |
| | 0010232 | 9/8/2005 | 12:46:16 PM | 226008563632 | $12.99 |
| | 0010232 | 9/8/2005 | 2:19:53 PM | 226008563632 | $13.99 |
| | 0010232 | 9/9/2005 | 3:47:20 PM | 226008563632 | $1.88 |
| 6 | | | | | $97.85 |
| | 0010232 | 9/6/2005 | 8:13:25 PM | 226011383533 | $50.10 |
| | 0010232 | 9/7/2005 | 12:13:41 PM | 226011383533 | $47.99 |
| | 0010232 | 9/7/2005 | 7:47:58 PM | 226011383533 | $51.09 |
| | 0010232 | 9/7/2005 | 8:53:54 PM | 226011383533 | $26.99 |
| 7 | | | | | $176.17 |
| | 0010232 | 9/20/2005 | 6:35:15 PM | 326004699448 | $75.99 |
| | 0010232 | 9/20/2005 | 6:40:18 PM | 326004699448 | $7.68 |
| | 0010232 | 9/21/2005 | 5:09:12 PM | 326004699448 | $5.18 |
| | 0010232 | 9/21/2005 | 8:00:16 PM | 326004699448 | $53.97 |
| 8 | | | | | $142.82 |

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

|   | 0010232 | 9/16/2005 | 9:34:42 PM | 426006177650 | $3.12 |
|---|---|---|---|---|---|
|   | 0010232 | 9/17/2005 | 6:28:25 PM | 426006177650 | $0.25 |
|   | 0010232 | 9/17/2005 | 6:31:54 PM | 426006177650 | $50.25 |
|   | 0010232 | 9/17/2005 | 9:28:10 PM | 426006177650 | $3.50 |
|   | 0010232 | 9/17/2005 | 10:12:22 PM | 426006177650 | $51.70 |
|   | 0010232 | 9/17/2005 | 10:36:27 PM | 426006177650 | $25.70 |
|   | 0010232 | 9/18/2005 | 1:03:12 PM | 426006177650 | $38.99 |
|   | 0010232 | 9/18/2005 | 2:10:39 PM | 426006177650 | $25.99 |
|   | 0010232 | 9/18/2005 | 5:47:10 PM | 426006177650 | $38.99 |
|   | 0010232 | 9/18/2005 | 6:32:14 PM | 426006177650 | $34.99 |
| 9 |   |   |   |   | $273.48 |
|   | 0010232 | 9/4/2005 | 11:47:24 AM | 526002707960 | $54.20 |
|   | 0010232 | 9/4/2005 | 1:51:33 PM | 526002707960 | $50.99 |
|   | 0010232 | 9/5/2005 | 1:13:38 PM | 526002707960 | $51.00 |
| 10 |   |   |   |   | $156.19 |
|   | 0010232 | 9/11/2005 | 7:59:08 PM | 526012547063 | $17.45 |
|   | 0010232 | 9/12/2005 | 12:37:45 PM | 526012547063 | $10.16 |
|   | 0010232 | 9/12/2005 | 8:00:23 PM | 526012547063 | $28.22 |
|   | 0010232 | 9/12/2005 | 8:29:24 PM | 526012547063 | $7.60 |
|   | 0010232 | 9/13/2005 | 12:05:00 PM | 526012547063 | $9.15 |
|   | 0010232 | 9/13/2005 | 1:25:06 PM | 526012547063 | $9.70 |
|   | 0010232 | 9/13/2005 | 4:45:55 PM | 526012547063 | $35.99 |
|   | 0010232 | 9/13/2005 | 5:16:28 PM | 526012547063 | $5.97 |
| 11 |   |   |   |   | $124.24 |
|   | 0010232 | 9/2/2005 | 11:13:31 AM | 626006999773 | $25.35 |
|   | 0010232 | 9/2/2005 | 12:16:58 PM | 626006999773 | $25.44 |
|   | 0010232 | 9/2/2005 | 1:03:05 PM | 626006999773 | $25.70 |
|   | 0010232 | 9/2/2005 | 2:59:14 PM | 626006999773 | $25.99 |
|   | 0010232 | 9/2/2005 | 5:13:09 PM | 626006999773 | $26.00 |
|   | 0010232 | 9/2/2005 | 8:04:57 PM | 626006999773 | $20.19 |
| 12 |   |   |   |   | $148.67 |
|   | 0010232 | 9/9/2005 | 11:05:59 AM | 626008124073 | $29.80 |
|   | 0010232 | 9/9/2005 | 11:07:13 AM | 626008124073 | $21.44 |
|   | 0010232 | 9/9/2005 | 1:54:56 PM | 626008124073 | $62.49 |
|   | 0010232 | 9/10/2005 | 5:17:56 PM | 626008124073 | $18.01 |
| 13 |   |   |   |   | $131.74 |
|   | 0010232 | 9/2/2005 | 12:41:32 PM | 726002436184 | $2.38 |
|   | 0010232. | 9/2/2005 | 12:55:35 PM | 726002436184 | $50.49 |
|   | 0010232 | 9/2/2005 | 1:01:36 PM | 726002436184 | $50.70 |
| 14 |   |   |   |   | $103.57 |

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

|   | | | | | |
|---|---|---|---|---|---|
| | 0010232 | 9/10/2005 | 6:23:13 PM | 826006469292 | $10.26 |
| | 0010232 | 9/10/2005 | 6:27:34 PM | 826006469292 | $1.64 |
| | 0010232 | 9/11/2005 | 4:01:24 PM | 826006469292 | $0.99 |
| | 0010232 | 9/11/2005 | 7:05:40 PM | 826006469292 | $69.95 |
| | 0010232 | 9/11/2005 | 7:50:40 PM | 826006469292 | $1.79 |
| | 0010232 | 9/12/2005 | 1:39:55 PM | 826006469292 | $28.76 |
| 15 | | | | | $113.39 |
| | 0010232 | 9/5/2005 | 4:24:11 PM | 926002805206 | $25.00 |
| | 0010232 | 9/5/2005 | 5:35:33 PM | 926002805206 | $49.88 |
| | 0010232 | 9/6/2005 | 11:29:34 AM | 926002805206 | $20.25 |
| | 0010232 | 9/6/2005 | 4:32:57 PM | 926002805206 | $0.88 |
| 16 | | | | | $96.01 |
| | 0010232 | 9/8/2005 | 10:12:33 AM | 926003081300 | $84.99 |
| | 0010232 | 9/8/2005 | 10:16:20 AM | 926003081300 | $50.25 |
| | 0010232 | 9/8/2005 | 3:57:42 PM | 926003081300 | $1.19 |
| | 0010232 | 9/9/2005 | 10:57:32 AM | 926003081300 | $1.29 |
| | 0010232 | 9/9/2005 | 1:11:24 PM | 926003081300 | $29.80 |
| | 0010232 | 9/9/2005 | 7:54:46 PM | 926003081300 | $9.56 |
| | 0010232 | 9/9/2005 | 7:59:07 PM | 926003081300 | $3.38 |
| 17 | | | | | $180.46 |
| | 0010232 | 8/2/2005 | 5:13:42 PM | 226002544535 | $26.00 |
| | 0010232 | 8/3/2005 | 2:46:12 PM | 226002544535 | $1.94 |
| | 0010232 | 8/3/2005 | 6:02:43 PM | 226002544535 | $25.50 |
| | 0010232 | 8/3/2005 | 8:33:43 PM | 226002544535 | $25.25 |
| | 0010232 | 8/4/2005 | 4:38:18 PM | 226002544535 | $25.70 |
| 18 | | | | | $104.39 |
| | 0010232 | 8/3/2005 | 7:44:14 PM | 226002658537 | $50.33 |
| | 0010232 | 8/4/2005 | 10:59:34 AM | 226002658537 | $2.18 |
| | 0010232 | 8/4/2005 | 11:03:29 AM | 226002658537 | $60.77 |
| | 0010232 | 8/4/2005 | 2:28:07 PM | 226002658537 | $9.07 |
| | 0010232 | 8/4/2005 | 5:14:24 PM | 226002658537 | $34.36 |
| 19 | | | | | $156.71 |
| | 0010232 | 8/6/2005 | 6:19:08 PM | 226004797533 | $50.75 |
| | 0010232 | 8/7/2005 | 7:24:06 PM | 226004797533 | $39.99 |
| | 0010232 | 8/7/2005 | 7:28:36 PM | 226004797533 | $6.17 |
| 20 | | | | | $96.91 |
| | 0010232 | 8/12/2005 | 3:45:08 PM | 426009749950 | $19.50 |
| | 0010232 | 8/12/2005 | 4:21:13 PM | 426009749950 | $31.58 |
| | 0010232 | 8/12/2005 | 4:31:51 PM | 426009749950 | $29.80 |
| | 0010232 | 8/12/2005 | 5:09:26 PM | 426009749950 | $23.11 |
| | 0010232 | 8/12/2005 | 6:44:00 PM | 426009749950 | $18.55 |
| | 0010232 | 8/12/2005 | 6:53:45 PM | 426009749950 | $16.88 |
| | 0010232 | 8/12/2005 | 8:02:30 PM | 426009749950 | $28.55 |
| | 0010232 | 8/12/2005 | 8:50:52 PM | 426009749950 | $33.25 |
| 21 | | | | | $201.22 |

Attachment A                          Page 3 of 8

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

|      | ID       | Date      | Time         | Number        | Amount   |
|------|----------|-----------|--------------|---------------|----------|
|      | 0010232  | 8/4/2005  | 3:05:14 PM   | 526002707960  | $25.25   |
|      | 0010232  | 8/6/2005  | 12:06:06 PM  | 526002707960  | $51.44   |
|      | 0010232  | 8/6/2005  | 2:45:18 PM   | 526002707960  | $25.50   |
| 22   |          |           |              |               | $102.19  |
|      | 0010232  | 8/1/2005  | 10:33:22 AM  | 526012345660  | $69.99   |
|      | 0010232  | 8/1/2005  | 10:35:06 AM  | 526012345660  | $25.00   |
|      | 0010232  | 8/1/2005  | 11:56:25 AM  | 526012345660  | $12.99   |
|      | 0010232  | 8/1/2005  | 11:59:12 AM  | 526012345660  | $6.50    |
|      | 0010232  | 8/1/2005  | 2:56:57 PM   | 526012345660  | $8.19    |
| 23   |          |           |              |               | $122.67  |
|      | 0010232  | 8/6/2005  | 2:36:03 PM   | 626002705273  | $2.79    |
|      | 0010232  | 8/7/2005  | 3:07:52 PM   | 626002705273  | $49.99   |
|      | 0010232  | 8/7/2005  | 4:56:28 PM   | 626002705273  | $2.58    |
|      | 0010232  | 8/7/2005  | 4:57:45 PM   | 626002705273  | $18.89   |
|      | 0010232  | 8/7/2005  | 4:59:04 PM   | 626002705273  | $14.99   |
|      | 0010232  | 8/7/2005  | 8:23:53 PM   | 626002705273  | $14.50   |
| 24   |          |           |              |               | $103.74  |
|      | 0010232  | 8/6/2005  | 1:03:05 PM   | 726002930788  | $25.08   |
|      | 0010232  | 8/6/2005  | 3:09:47 PM   | 726002930788  | $24.96   |
|      | 0010232  | 8/6/2005  | 3:11:57 PM   | 726002930788  | $26.05   |
|      | 0010232  | 8/7/2005  | 4:05:36 PM   | 726002930788  | $51.78   |
| 25   |          |           |              |               | $127.87  |
|      | 0010232  | 8/11/2005 | 11:23:40 AM  | 926003081300  | $4.91    |
|      | 0010232  | 8/11/2005 | 3:40:28 PM   | 926003081300  | $3.07    |
|      | 0010232  | 8/11/2005 | 7:28:36 PM   | 926003081300  | $2.04    |
|      | 0010232  | 8/12/2005 | 11:58:52 AM  | 926003081300  | $26.17   |
|      | 0010232  | 8/12/2005 | 12:01:04 PM  | 926003081300  | $29.50   |
|      | 0010232  | 8/12/2005 | 12:07:01 PM  | 926003081300  | $1.58    |
|      | 0010232  | 8/12/2005 | 2:13:04 PM   | 926003081300  | $6.07    |
|      | 0010232  | 8/12/2005 | 2:14:17 PM   | 926003081300  | $3.19    |
|      | 0010232  | 8/12/2005 | 2:18:37 PM   | 926003081300  | $5.99    |
|      | 0010232  | 8/12/2005 | 2:23:04 PM   | 926003081300  | $17.78   |
|      | 0010232  | 8/12/2005 | 4:25:03 PM   | 926003081300  | $15.66   |
|      | 0010232  | 8/12/2005 | 4:28:13 PM   | 926003081300  | $5.99    |
|      | 0010232  | 8/12/2005 | 4:30:34 PM   | 926003081300  | $3.38    |
| 26   |          |           |              |               | $125.33  |
|      | 0010232  | 8/12/2005 | 8:42:54 PM   | 926012554901  | $79.98   |
|      | 0010232  | 8/13/2005 | 5:57:35 PM   | 926012554901  | $8.74    |
|      | 0010232  | 8/13/2005 | 6:20:05 PM   | 926012554901  | $24.65   |
| 27   |          |           |              |               | $113.37  |

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

| | | | | |
|---|---|---|---|---|
| 0010232 | 7/4/2005 | 1:14:06 PM | 26008141316 | $35.51 |
| 0010232 | 7/4/2005 | 1:34:57 PM | 26008141316 | $19.99 |
| 0010232 | 7/4/2005 | 3:11:41 PM | 26008141316 | $5.18 |
| 0010232 | 7/4/2005 | 3:13:19 PM | 26008141316 | $1.00 |
| 0010232 | 7/4/2005 | 3:14:41 PM | 26008141316 | $0.50 |
| 0010232 | 7/4/2005 | 5:14:12 PM | 26008141316 | $8.05 |
| 0010232 | 7/5/2005 | 2:17:55 PM | 26008141316 | $12.73 |
| 0010232 | 7/5/2005 | 2:19:34 PM | 26008141316 | $3.38 |
| 0010232 | 7/5/2005 | 2:20:34 PM | 26008141316 | $1.00 |
| 0010232 | 7/5/2005 | 3:47:32 PM | 26008141316 | $11.13 |
| 0010232 | 7/6/2005 | 1:03:49 PM | 26008141316 | $20.22 |
| 28 | | | | $118.69 |
| | | | | |
| 0010232 | 7/7/2005 | 1:20:50 PM | 126002976729 | $2.54 |
| 0010232 | 7/7/2005 | 7:41:20 PM | 126002976729 | $49.99 |
| 0010232 | 7/7/2005 | 7:45:57 PM | 126002976729 | $50.35 |
| 29 | | | | $102.88 |
| | | | | |
| 0010232 | 7/19/2005 | 11:08:00 AM | 326002714843 | $7.27 |
| 0010232 | 7/19/2005 | 1:18:25 PM | 326002714843 | $7.00 |
| 0010232 | 7/19/2005 | 6:56:34 PM | 326002714843 | $7.75 |
| 0010232 | 7/19/2005 | 9:21:58 PM | 326002714843 | $6.75 |
| 0010232 | 7/20/2005 | 11:51:08 AM | 326002714843 | $11.99 |
| 0010232 | 7/20/2005 | 4:59:10 PM | 326002714843 | $1.29 |
| 0010232 | 7/20/2005 | 5:00:54 PM | 326002714843 | $53.53 |
| 30 | | | | $95.58 |
| | | | | |
| 0010232 | 7/11/2005 | 1:05:58 PM | 426009749950 | $66.00 |
| 0010232 | 7/11/2005 | 1:44:45 PM | 426009749950 | $74.00 |
| 0010232 | 7/11/2005 | 3:03:16 PM | 426009749950 | $58.00 |
| 0010232 | 7/11/2005 | 8:34:29 PM | 426009749950 | $19.00 |
| 0010232 | 7/11/2005 | 9:16:59 PM | 426009749950 | $13.00 |
| 0010232 | 7/12/2005 | 3:30:18 PM | 426009749950 | $10.25 |
| 0010232 | 7/12/2005 | 6:21:20 PM | 426009749950 | $1.34 |
| 31 | | | | $241.59 |
| | | | | |
| 0010232 | 7/23/2005 | 12:04:35 PM | 426011767255 | $21.59 |
| 0010232 | 7/23/2005 | 12:06:35 PM | 426011767255 | $49.99 |
| 0010232 | 7/23/2005 | 6:50:21 PM | 426011767255 | $7.61 |
| 0010232 | 7/24/2005 | 1:16:41 PM | 426011767255 | $4.00 |
| 0010232 | 7/24/2005 | 1:22:44 PM | 426011767255 | $8.10 |
| 0010232 | 7/24/2005 | 1:27:18 PM | 426011767255 | $25.99 |
| 32 | | | | $117.28 |
| | | | | |
| 0010232 | 7/4/2005 | 2:55:35 PM | 526002384063 | $36.46 |
| 0010232 | 7/4/2005 | 4:15:36 PM | 526002384063 | $35.21 |
| 0010232 | 7/4/2005 | 8:04:06 PM | 526002384063 | $37.35 |
| 0010232 | 7/5/2005 | 11:35:00 AM | 526002384063 | $13.30 |
| 0010232 | 7/5/2005 | 4:42:58 PM | 526002384063 | $30.68 |
| 33 | | | | $153.00 |

Attachment A                              Page 5 of 8

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

|  |  |  |  |  |
|---|---|---|---|---|
| 0010232 | 7/4/2005 | 11:08:33 AM | 526002707960 | $26.80 |
| 0010232 | 7/4/2005 | 11:10:52 AM | 526002707960 | $24.90 |
| 0010232 | 7/4/2005 | 2:02:34 PM | 526002707960 | $25.50 |
| 0010232 | 7/4/2005 | 2:05:54 PM | 526002707960 | $24.98 |
| 0010232 | 7/4/2005 | 7:23:33 PM | 526002707960 | $24.99 |
| 0010232 | 7/4/2005 | 7:28:57 PM | 526002707960 | $28.01 |
| 0010232 | 7/5/2005 | 2:03:30 PM | 526002707960 | $0.79 |
| 0010232 | 7/5/2005 | 3:40:44 PM | 526002707960 | $2.69 |
| 0010232 | 7/5/2005 | 4:40:55 PM | 526002707960 | $38.54 |
| 0010232 | 7/5/2005 | 7:48:18 PM | 526002707960 | $25.00 |
| 34 |  |  |  | $222.20 |
|  |  |  |  |  |
| 0010232 | 7/9/2005 | 10:32:04 AM | 626008124073 | $51.25 |
| 0010232 | 7/9/2005 | 12:37:22 PM | 626008124073 | $25.10 |
| 0010232 | 7/9/2005 | 6:02:49 PM | 626008124073 | $49.70 |
| 0010232 | 7/9/2005 | 10:39:42 PM | 626008124073 | $19.98 |
| 35 |  |  |  | $146.03 |
|  |  |  |  |  |
| 0010232 | 7/8/2005 | 10:51:54 AM | 926004823306 | $51.36 |
| 0010232 | 7/8/2005 | 4:42:45 PM | 926004823306 | $26.50 |
| 0010232 | 7/9/2005 | 8:47:31 PM | 926004823306 | $50.50 |
| 36 |  |  |  | $128.36 |
|  |  |  |  |  |
| 0010232 | 6/7/2005 | 5:38:53 PM | 126002976729 | $25.05 |
| 0010232 | 6/7/2005 | 5:40:07 PM | 126002976729 | $30.00 |
| 0010232 | 6/7/2005 | 5:46:59 PM | 126002976729 | $49.98 |
| 37 |  |  |  | $105.03 |
|  |  |  |  |  |
| 0010232 | 6/11/2005 | 4:42:59 PM | 526002384063 | $19.00 |
| 0010232 | 6/13/2005 | 4:08:24 PM | 526002384063 | $46.32 |
| 0010232 | 6/13/2005 | 4:12:55 PM | 526002384063 | $25.30 |
| 38 |  |  |  | $90.62 |
|  |  |  |  |  |
| 0010232 | 6/9/2005 | 1:31:06 PM | 526005378862 | $29.80 |
| 0010232 | 6/9/2005 | 1:34:05 PM | 526005378862 | $20.99 |
| 0010232 | 6/9/2005 | 7:34:49 PM | 526005378862 | $49.99 |
| 39 |  |  |  | $100.78 |
|  |  |  |  |  |
| 0010232 | 6/17/2005 | 11:08:09 AM | 526012345660 | $57.02 |
| 0010232 | 6/17/2005 | 11:10:29 AM | 526012345660 | $25.99 |
| 0010232 | 6/17/2005 | 11:11:58 AM | 526012345660 | $24.98 |
| 0010232 | 6/17/2005 | 12:46:35 PM | 526012345660 | $25.35 |
| 0010232 | 6/17/2005 | 2:43:38 PM | 526012345660 | $8.19 |
| 0010232 | 6/17/2005 | 2:50:42 PM | 526012345660 | $4.17 |
| 40 |  |  |  | $145.70 |
|  |  |  |  |  |
| 0010232 | 6/9/2005 | 11:44:18 AM | 626008124073 | $25.10 |
| 0010232 | 6/9/2005 | 1:18:21 PM | 626008124073 | $26.87 |
| 0010232 | 6/9/2005 | 3:35:07 PM | 626008124073 | $28.50 |
| 0010232 | 6/10/2005 | 1:39:06 PM | 626008124073 | $25.30 |
| 0010232 | 6/10/2005 | 4:20:25 PM | 626008124073 | $24.00 |
| 41 |  |  |  | $129.77 |

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

| | | | | | |
|---|---|---|---|---|---|
| | 0010232 | 6/6/2005 | 10:53:21 AM | 726005975988 | $0.25 |
| | 0010232 | 6/6/2005 | 10:57:54 AM | 726005975988 | $25.55 |
| | 0010232 | 6/6/2005 | 3:46:32 PM | 726005975988 | $25.99 |
| | 0010232 | 6/6/2005 | 5:43:16 PM | 726005975988 | $25.83 |
| | 0010232 | 6/6/2005 | 5:44:13 PM | 726005975988 | $25.07 |
| | 0010232 | 6/6/2005 | 9:39:00 PM | 726005975988 | $26.05 |
| | 0010232 | 6/7/2005 | 10:55:25 AM | 726005975988 | $20.26 |
| 42 | | | | | $149.00 |
| | 0010232 | 5/9/2005 | 8:46:48 PM | 26008141316 | $6.06 |
| | 0010232 | 5/9/2005 | 9:33:46 PM | 26008141316 | $10.76 |
| | 0010232 | 5/9/2005 | 9:41:32 PM | 26008141316 | $1.40 |
| | 0010232 | 5/10/2005 | 2:01:10 PM | 26008141316 | $7.26 |
| | 0010232 | 5/10/2005 | 2:03:35 PM | 26008141316 | $7.53 |
| | 0010232 | 5/10/2005 | 9:49:18 PM | 26008141316 | $6.81 |
| | 0010232 | 5/11/2005 | 2:01:19 PM | 26008141316 | $8.96 |
| | 0010232 | 5/11/2005 | 5:48:46 PM | 26008141316 | $10.70 |
| | 0010232 | 5/11/2005 | 6:34:39 PM | 26008141316 | $44.99 |
| 43 | | | | | $104.47 |
| | 0010232 | 5/8/2005 | 12:31:16 PM | 326005139846 | $14.18 |
| | 0010232 | 5/8/2005 | 8:23:00 PM | 326005139846 | $25.30 |
| | 0010232 | 5/8/2005 | 8:24:58 PM | 326005139846 | $55.98 |
| | 0010232 | 5/9/2005 | 10:09:12 AM | 326005139846 | $27.39 |
| | 0010232 | 5/9/2005 | 2:42:39 PM | 326005139846 | $26.58 |
| | 0010232 | 5/9/2005 | 2:45:14 PM | 326005139846 | $25.25 |
| 44 | | | | | $174.68 |
| | 0010232 | 5/8/2005 | 12:06:16 PM | 526001490067 | $51.98 |
| | 0010232 | 5/8/2005 | 12:07:21 PM | 526001490067 | $25.25 |
| | 0010232 | 5/8/2005 | 2:06:52 PM | 526001490067 | $26.39 |
| | 0010232 | 5/8/2005 | 5:14:47 PM | 526001490067 | $25.90 |
| | 0010232 | 5/8/2005 | 5:16:19 PM | 526001490067 | $25.30 |
| | 0010232 | 5/9/2005 | 2:34:05 PM | 526001490067 | $25.95 |
| 45 | | | | | $180.77 |
| | 0010232 | 5/4/2005 | 10:42:41 AM | 526002707960 | $50.30 |
| | 0010232 | 5/4/2005 | 12:21:50 PM | 526002707960 | $50.25 |
| | 0010232 | 5/5/2005 | 4:26:49 PM | 526002707960 | $50.75 |
| 46 | | | | | $151.30 |
| | 0010232 | 5/1/2005 | 12:32:44 PM | 526012345660 | $39.99 |
| | 0010232 | 5/1/2005 | 3:49:52 PM | 526012345660 | $35.99 |
| | 0010232 | 5/2/2005 | 10:44:46 AM | 526012345660 | $23.58 |
| | 0010232 | 5/2/2005 | 10:46:38 AM | 526012345660 | $15.94 |
| 47 | | | | | $115.50 |

01/05/2006 16:11 FAX 248 626 0051          GARMO & GARMO                    ☒018

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

| | | | | |
|---|---|---|---|---|
| 0010232 | 5/9/2005 | 10:42:44 AM | 626008124073 | $25.30 |
| 0010232 | 5/9/2005 | 11:54:06 AM | 626008124073 | $50.30 |
| 0010232 | 5/9/2005 | 2:00:45 PM | 626008124073 | $25.99 |
| 0010232 | 5/9/2005 | 7:15:43 PM | 626008124073 | $25.88 |
| 48 | | | | $127.47 |
| | | | | |
| 0010232 | 5/27/2005 | 11:14:32 AM | 726005975988 | $16.13 |
| 0010232 | 5/27/2005 | 2:22:34 PM | 726005975988 | $25.85 |
| 0010232 | 5/27/2005 | 3:46:45 PM | 726005975988 | $25.75 |
| 0010232 | 5/27/2005 | 3:49:43 PM | 726005975988 | $15.99 |
| 0010232 | 5/28/2005 | 11:53:27 AM | 726005975988 | $25.88 |
| 49 | | | | $109.60 |
| | | | | |
| 0010232 | 5/1/2005 | 4:34:33 PM | 926009078209 | $22.60 |
| 0010232 | 5/1/2005 | 4:37:39 PM | 926009078209 | $2.50 |
| 0010232 | 5/2/2005 | 12:48:00 PM | 926009078209 | $56.62 |
| 0010232 | 5/2/2005 | 1:36:26 PM | 926009078209 | $2.20 |
| 0010232 | 5/3/2005 | 12:58:17 PM | 926009078209 | $14.45 |
| 50 | | | | $98.37 |
| | | | | |
| 0010232 | 4/4/2005 | 4:02:59 PM | 026010327719 | $0.50 |
| 0010232 | 4/4/2005 | 4:20:28 PM | 026010327719 | $50.25 |
| 0010232 | 4/4/2005 | 5:40:37 PM | 026010327719 | $7.25 |
| 0010232 | 4/4/2005 | 8:14:10 PM | 026010327719 | $21.30 |
| 0010232 | 4/4/2005 | 9:15:37 PM | 026010327719 | $11.73 |
| 0010232 | 4/4/2005 | 9:16:17 PM | 026010327719 | $7.00 |
| 0010232 | 4/5/2005 | 12:36:33 PM | 026010327719 | $1.25 |
| 0010232 | 4/6/2005 | 2:47:11 PM | 026010327719 | $1.19 |
| 51 | | | | $100.47 |
| | | | | |
| 0010232 | 4/8/2005 | 10:28:07 PM | 326006495447 | $30.25 |
| 0010232 | 4/9/2005 | 1:05:09 PM | 326006495447 | $27.50 |
| 0010232 | 4/9/2005 | 1:11:30 PM | 326006495447 | $30.00 |
| 0010232 | 4/9/2005 | 4:14:14 PM | 326006495447 | $20.50 |
| 0010232 | 4/9/2005 | 10:41:50 PM | 326006495447 | $59.43 |
| 52 | | | | $167.68 |
| | | | | |
| 0010232 | 4/14/2005 | 12:05:22 PM | 326008464443 | $7.32 |
| 0010232 | 4/14/2005 | 1:35:59 PM | 326008464443 | $4.84 |
| 0010232 | 4/14/2005 | 4:48:19 PM | 326008464443 | $39.00 |
| 0010232 | 4/14/2005 | 4:54:53 PM | 326008464443 | $36.25 |
| 0010232 | 4/14/2005 | 8:09:41 PM | 326008464443 | $11.09 |
| 53 | | | | $98.50 |

Attachment A                    Page 8 of 8

01/05/2006 16:11 FAX 248 626 0051          GARMO & GARMO                              ☑019

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

## ATTACHMENT B

In a series of Michigan Bridge Card (EBT) food stamp transactions, consecutive withdrawals were made from a single food stamp recipient's account within unusually short timeframes. These transactions occurred as follows:

| COUNT | STOREID | XTN DATE | XTN TIME | HOUSEHOLD | AMONT |
|---|---|---|---|---|---|
| | 0010232 | 9/2/2005 | 4:44:03 PM | 726011836184 | $53.99 |
| 1 | 0010232 | 9/2/2005 | 4:47:14 PM | 726011836184 | $99.88 |
| | | | | | $153.87 |
| | 0010232 | 9/2/2005 | 8:43:44 PM | 126002575820 | $60.99 |
| 2 | 0010232 | 9/2/2005 | 8:45:53 PM | 126002575820 | $32.99 |
| | | | | | $93.98 |
| | 0010232 | 9/3/2005 | 4:23:29 PM | 226002658537 | $79.99 |
| 3 | 0010232 | 9/3/2005 | 4:26:09 PM | 226002658537 | $25.99 |
| | | | | | $105.98 |
| | 0010232 | 9/7/2005 | 4:41:17 PM | 26012970219 | $0.30 |
| 4 | 0010232 | 9/7/2005 | 4:41:56 PM | 26012970219 | $89.99 |
| | | | | | $90.29 |
| | 0010232 | 9/8/2005 | 10:12:33 AM | 926003081300 | $84.99 |
| 5 | 0010232 | 9/8/2005 | 10:16:20 AM | 926003081300 | $50.25 |
| | | | | | $135.24 |
| | 0010232 | 9/10/2005 | 10:24:26 PM | 526012281067 | $98.74 |
| 6 | 0010232 | 9/10/2005 | 10:25:08 PM | 526012281067 | $39.11 |
| | | | | | $137.85 |
| | 0010232 | 8/1/2005 | 10:33:22 AM | 526012345660 | $69.99 |
| 7 | 0010232 | 8/1/2005 | 10:35:06 AM | 526012345660 | $25.00 |
| | | | | | $94.99 |
| | 0010232 | 6/17/2005 | 11:08:09 AM | 526012345660 | $57.02 |
| | 0010232 | 6/17/2005 | 11:10:29 AM | 526012345660 | $25.99 |
| 8 | 0010232 | 6/17/2005 | 11:11:58 AM | 526012345660 | $24.98 |
| | | | | | $107.99 |

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

## ATTACHMENT C

In a series of Michigan Bridge Card (EBT) food stamp transactions, excessively large withdrawals which exceeded the average purchase amount for your store type in Michigan were made from the accounts of the food stamp recipients listed below:

| COUNT | STOREID | XTNDATE | XTNTIME | HOUSEHOLD | XTNAMT |
|---|---|---|---|---|---|
| 1 | 0010232 | 10/08/2005 | 07:51:48 PM | 026002911213 | $ 52.38 |
| 2 | 0010232 | 10/05/2005 | 06:20:59 PM | 026003189514 | $ 50.70 |
| 3 | 0010232 | 10/06/2005 | 03:29:28 PM | 026006127012 | $ 53.89 |
| 4 | 0010232 | 10/07/2005 | 06:16:12 PM | 026006967619 | $ 50.22 |
| 5 | 0010232 | 05/03/2005 | 05:57:24 PM | 026010327719 | $ 50.30 |
| 6 | 0010232 | 09/04/2005 | 02:29:50 PM | 026012301019 | $ 59.99 |
| 7 | 0010232 | 08/16/2005 | 01:50:49 PM | 026012513211 | $ 50.25 |
| 8 | 0010232 | 06/13/2005 | 08:02:17 PM | 026012625916 | $ 59.88 |
| 9 | 0010232 | 09/07/2005 | 04:41:56 PM | 026012970219 | $ 89.99 |
| 10 | 0010232 | 10/02/2005 | 01:26:42 PM | 026012970219 | $ 52.58 |
| 11 | 0010232 | 10/02/2005 | 06:19:53 PM | 026012970219 | $ 51.20 |
| 12 | 0010232 | 09/14/2005 | 03:11:22 PM | 026013228318 | $ 70.33 |
| 13 | 0010232 | 10/06/2005 | 07:48:01 PM | 026013228318 | $ 53.00 |
| 14 | 0010232 | 10/07/2005 | 07:14:00 PM | 026013228318 | $ 50.41 |
| 15 | 0010232 | 09/02/2005 | 08:43:44 PM | 126002575820 | $ 60.99 |
| 16 | 0010232 | 10/21/2005 | 03:18:37 PM | 126002645425 | $ 55.45 |
| 17 | 0010232 | 09/06/2005 | 03:57:34 PM | 126002910326 | $ 50.77 |
| 18 | 0010232 | 10/06/2005 | 11:40:10 AM | 126002910326 | $ 57.99 |
| 19 | 0010232 | 07/07/2005 | 07:45:57 PM | 126002976729 | $ 50.35 |
| 20 | 0010232 | 05/09/2005 | 01:51:41 PM | 126003137822 | $ 50.61 |
| 21 | 0010232 | 05/05/2005 | 08:42:31 PM | 126003444822 | $ 55.00 |
| 22 | 0010232 | 10/05/2005 | 09:20:39 PM | 126003444822 | $ 51.07 |
| 23 | 0010232 | 10/04/2005 | 03:22:36 PM | 126007071128 | $ 69.99 |
| 24 | 0010232 | 10/16/2005 | 07:38:49 PM | 126007277529 | $ 50.33 |
| 25 | 0010232 | 08/04/2005 | 01:06:56 PM | 126008743226 | $ 50.25 |
| 26 | 0010232 | 08/05/2005 | 07:44:35 PM | 126008743226 | $ 50.01 |
| 27 | 0010232 | 10/05/2005 | 06:02:15 PM | 126009417822 | $ 50.25 |
| 28 | 0010232 | 09/01/2005 | 04:30:56 PM | 126011080123 | $ 50.25 |
| 29 | 0010232 | 09/01/2005 | 06:15:20 PM | 126011080123 | $ 75.50 |
| 30 | 0010232 | 09/08/2005 | 10:29:10 AM | 126011336127 | $ 50.73 |
| 31 | 0010232 | 07/13/2005 | 08:03:13 PM | 126012352424 | $ 123.67 |
| 32 | 0010232 | 10/24/2005 | 05:45:41 PM | 226002476732 | $ 72.00 |
| 33 | 0010232 | 10/02/2005 | 02:42:44 PM | 226002544535 | $ 51.19 |
| 34 | 0010232 | 07/03/2005 | 04:03:59 PM | 226002658537 | $ 51.50 |
| 35 | 0010232 | 08/03/2005 | 07:44:14 PM | 226002658537 | $ 50.33 |
| 36 | 0010232 | 08/04/2005 | 11:03:29 AM | 226002658537 | $ 60.77 |
| 37 | 0010232 | 09/03/2005 | 04:23:29 PM | 226002658537 | $ 79.99 |
| 38 | 0010232 | 10/03/2005 | 11:18:36 AM | 226002658537 | $ 51.77 |
| 39 | 0010232 | 10/07/2005 | 11:25:25 AM | 226002901230 | $ 54.00 |
| 40 | 0010232 | 08/06/2005 | 06:19:08 PM | 226004797533 | $ 50.75 |
| 41 | 0010232 | 10/07/2005 | 04:07:57 PM | 226004909835 | $ 50.44 |
| 42 | 0010232 | 08/08/2005 | 01:28:53 PM | 226006500032 | $ 52.49 |
| 43 | 0010232 | 08/08/2005 | 11:00:42 AM | 226006500032 | $ 50.70 |

01/05/2006 16:11 FAX 248 626 0051        GARMO & GARMO                              ☒021

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

| 44 | 0010232 | 09/09/2005 | 05:48:33 PM | 226006797737 | $ | 50.33 |
|----|---------|------------|-------------|--------------|---|-------|
| 45 | 0010232 | 10/04/2005 | 09:31:37 PM | 226006797737 | $ | 50.32 |
| 46 | 0010232 | 09/01/2005 | 11:49:54 AM | 226008144330 | $ | 51.99 |
| 47 | 0010232 | 09/08/2005 | 10:27:17 AM | 226008563632 | $ | 68.99 |
| 48 | 0010232 | 09/06/2005 | 08:13:25 PM | 226011383533 | $ | 50.10 |
| 49 | 0010232 | 09/07/2005 | 07:47:58 PM | 226011383533 | $ | 51.09 |
| 50 | 0010232 | 10/20/2005 | 02:37:41 PM | 226013381834 | $ | 52.25 |
| 51 | 0010232 | 07/20/2005 | 05:00:54 PM | 326002714843 | $ | 53.53 |
| 52 | 0010232 | 10/04/2005 | 03:34:19 PM | 326002714843 | $ | 50.00 |
| 53 | 0010232 | 09/20/2005 | 06:35:15 PM | 326004699448 | $ | 75.99 |
| 54 | 0010232 | 09/21/2005 | 08:00:16 PM | 326004699448 | $ | 53.97 |
| 55 | 0010232 | 10/09/2005 | 05:47:47 PM | 326004699448 | $ | 152.38 |
| 56 | 0010232 | 05/08/2005 | 08:24:58 PM | 326005139846 | $ | 55.98 |
| 57 | 0010232 | 10/13/2005 | 03:58:17 PM | 326007041143 | $ | 52.99 |
| 58 | 0010232 | 10/05/2005 | 11:28:57 AM | 326010945146 | $ | 89.45 |
| 59 | 0010232 | 09/17/2005 | 06:31:54 PM | 426006177650 | $ | 50.25 |
| 60 | 0010232 | 09/17/2005 | 10:12:22 PM | 426006177650 | $ | 51.70 |
| 61 | 0010232 | 10/20/2005 | 04:08:08 PM | 426006985654 | $ | 50.75 |
| 62 | 0010232 | 09/08/2005 | 05:42:21 PM | 426009236255 | $ | 61.99 |
| 63 | 0010232 | 10/10/2005 | 01:10:41 PM | 426009236255 | $ | 50.25 |
| 64 | 0010232 | 07/11/2005 | 01:05:58 PM | 426009749950 | $ | 66.00 |
| 65 | 0010232 | 07/11/2005 | 01:44:45 PM | 426009749950 | $ | 74.00 |
| 66 | 0010232 | 07/11/2005 | 03:03:16 PM | 426009749950 | $ | 58.00 |
| 67 | 0010232 | 10/13/2005 | 04:19:57 PM | 426009749950 | $ | 50.49 |
| 68 | 0010232 | 10/14/2005 | 12:44:03 PM | 426009749950 | $ | 75.33 |
| 69 | 0010232 | 10/08/2005 | 07:40:21 PM | 426009939458 | $ | 54.66 |
| 70 | 0010232 | 10/10/2005 | 02:36:37 PM | 426009939458 | $ | 53.27 |
| 71 | 0010232 | 08/31/2005 | 07:37:34 PM | 426010272051 | $ | 50.66 |
| 72 | 0010232 | 08/31/2005 | 08:40:22 PM | 426010272051 | $ | 51.99 |
| 73 | 0010232 | 05/05/2005 | 11:34:38 AM | 426011330359 | $ | 51.22 |
| 74 | 0010232 | 10/07/2005 | 03:50:36 PM | 426012417557 | $ | 90.23 |
| 75 | 0010232 | 09/05/2005 | 08:51:06 PM | 426013143051 | $ | 59.99 |
| 76 | 0010232 | 10/06/2005 | 11:50:09 AM | 426013143051 | $ | 50.03 |
| 77 | 0010232 | 05/08/2005 | 12:06:16 PM | 526001490067 | $ | 51.98 |
| 78 | 0010232 | 05/04/2005 | 10:42:41 AM | 526002707960 | $ | 50.30 |
| 79 | 0010232 | 05/04/2005 | 12:21:50 PM | 526002707960 | $ | 50.25 |
| 80 | 0010232 | 05/05/2005 | 04:26:49 PM | 526002707960 | $ | 50.75 |
| 81 | 0010232 | 06/06/2005 | 12:53:56 PM | 526002707960 | $ | 50.45 |
| 82 | 0010232 | 08/06/2005 | 12:06:06 PM | 526002707960 | $ | 51.44 |
| 83 | 0010232 | 09/04/2005 | 01:51:33 PM | 526002707960 | $ | 50.99 |
| 84 | 0010232 | 09/04/2005 | 11:47:24 AM | 526002707960 | $ | 54.20 |
| 85 | 0010232 | 09/05/2005 | 01:13:38 PM | 526002707960 | $ | 51.00 |
| 86 | 0010232 | 10/04/2005 | 08:19:38 PM | 526002707960 | $ | 51.00 |
| 87 | 0010232 | 08/07/2005 | 12:15:52 PM | 526002971968 | $ | 51.99 |
| 88 | 0010232 | 08/12/2005 | 01:01:52 PM | 526002971968 | $ | 50.70 |
| 89 | 0010232 | 09/11/2005 | 04:30:17 PM | 526003649068 | $ | 99.99 |
| 90 | 0010232 | 07/27/2005 | 03:26:55 PM | 526004110965 | $ | 56.19 |
| 91 | 0010232 | 07/27/2005 | 03:46:03 PM | 526004110965 | $ | 50.66 |
| 92 | 0010232 | 09/08/2005 | 07:01:14 PM | 526004683363 | $ | 230.00 |
| 93 | 0010232 | 09/10/2005 | 10:24:26 PM | 526012281067 | $ | 98.74 |
| 94 | 0010232 | 06/17/2005 | 11:08:09 AM | 526012345660 | $ | 57.02 |
| 95 | 0010232 | 08/01/2005 | 10:33:22 AM | 526012345660 | $ | 69.99 |

Attachment C            Page 2 of 4

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

| 96  | 0010232 | 09/01/2005 | 01:10:41 PM | 526012345660 | $ | 149.00 |
|-----|---------|------------|-------------|--------------|---|--------|
| 97  | 0010232 | 10/01/2005 | 10:42:27 AM | 526012345660 | $ | 59.99  |
| 98  | 0010232 | 09/14/2005 | 01:22:25 PM | 526012547063 | $ | 63.59  |
| 99  | 0010232 | 10/09/2005 | 12:16:38 PM | 626002084879 | $ | 89.99  |
| 100 | 0010232 | 09/11/2005 | 02:30:40 PM | 626002705273 | $ | 60.59  |
| 101 | 0010232 | 10/09/2005 | 06:51:00 PM | 626002705273 | $ | 53.99  |
| 102 | 0010232 | 10/07/2005 | 02:16:10 PM | 626002995872 | $ | 51.65  |
| 103 | 0010232 | 10/29/2005 | 08:39:18 PM | 626004963775 | $ | 72.88  |
| 104 | 0010232 | 10/30/2005 | 01:46:01 PM | 626004963775 | $ | 50.99  |
| 105 | 0010232 | 05/09/2005 | 11:54:06 AM | 626008124073 | $ | 50.30  |
| 106 | 0010232 | 07/09/2005 | 10:32:04 AM | 626008124073 | $ | 51.25  |
| 107 | 0010232 | 08/09/2005 | 04:53:14 PM | 626008124073 | $ | 51.44  |
| 108 | 0010232 | 09/09/2005 | 01:54:56 PM | 626008124073 | $ | 62.49  |
| 109 | 0010232 | 10/06/2005 | 02:18:51 PM | 626009258977 | $ | 59.78  |
| 110 | 0010232 | 09/05/2005 | 06:11:28 PM | 626009710573 | $ | 50.70  |
| 111 | 0010232 | 10/04/2005 | 05:22:11 PM | 626010591471 | $ | 50.25  |
| 112 | 0010232 | 09/17/2005 | 04:40:15 PM | 626013274976 | $ | 50.39  |
| 113 | 0010232 | 09/20/2005 | 05:38:54 PM | 626013274976 | $ | 50.50  |
| 114 | 0010232 | 10/02/2005 | 12:51:26 PM | 626013274976 | $ | 50.70  |
| 115 | 0010232 | 09/02/2005 | 01:01:36 PM | 726002436184 | $ | 50.70  |
| 116 | 0010232 | 09/02/2005 | 12:55:35 PM | 726002436184 | $ | 50.49  |
| 117 | 0010232 | 08/07/2005 | 04:05:36 PM | 726002930788 | $ | 51.78  |
| 118 | 0010232 | 10/13/2005 | 09:53:18 PM | 726009045788 | $ | 51.99  |
| 119 | 0010232 | 10/14/2005 | 05:02:12 PM | 726009045788 | $ | 59.99  |
| 120 | 0010232 | 10/05/2005 | 08:05:29 PM | 726010478182 | $ | 51.00  |
| 121 | 0010232 | 09/02/2005 | 04:44:03 PM | 726011836184 | $ | 53.99  |
| 122 | 0010232 | 09/02/2005 | 04:47:14 PM | 726011836184 | $ | 99.88  |
| 123 | 0010232 | 10/10/2005 | 04:16:35 PM | 726013386089 | $ | 74.99  |
| 124 | 0010232 | 06/01/2005 | 01:23:33 PM | 826002395291 | $ | 55.99  |
| 125 | 0010232 | 10/10/2005 | 04:42:13 PM | 826003448290 | $ | 60.70  |
| 126 | 0010232 | 10/09/2005 | 08:10:24 PM | 826004935795 | $ | 102.99 |
| 127 | 0010232 | 10/04/2005 | 09:36:59 PM | 826005187697 | $ | 50.41  |
| 128 | 0010232 | 09/11/2005 | 07:05:40 PM | 826006469292 | $ | 69.95  |
| 129 | 0010232 | 10/07/2005 | 02:09:36 PM | 826006892996 | $ | 53.19  |
| 130 | 0010232 | 10/04/2005 | 08:33:05 PM | 826009454798 | $ | 50.70  |
| 313 | 0010232 | 09/09/2005 | 02:37:11 PM | 826010992590 | $ | 51.07  |
| 132 | 0010232 | 09/05/2005 | 06:57:42 PM | 926002575308 | $ | 58.99  |
| 133 | 0010232 | 05/05/2005 | 10:29:02 AM | 926002805206 | $ | 50.00  |
| 134 | 0010232 | 10/05/2005 | 05:26:36 PM | 926002805206 | $ | 50.66  |
| 135 | 0010232 | 07/05/2005 | 10:50:24 AM | 926002821007 | $ | 59.95  |
| 136 | 0010232 | 09/08/2005 | 10:12:33 AM | 926003081300 | $ | 84.99  |
| 137 | 0010232 | 09/08/2005 | 10:16:20 AM | 926003081300 | $ | 50.25  |
| 138 | 0010232 | 07/08/2005 | 10:51:54 AM | 926004823306 | $ | 51.36  |
| 139 | 0010232 | 07/09/2005 | 08:47:31 PM | 926004823306 | $ | 50.50  |
| 140 | 0010232 | 09/08/2005 | 03:23:04 PM | 926004823306 | $ | 50.25  |
| 141 | 0010232 | 09/08/2005 | 07:08:10 PM | 926004823306 | $ | 59.30  |
| 142 | 0010232 | 05/02/2005 | 12:48:00 PM | 926009078209 | $ | 56.62  |

Attachment C                    Page 3 of 4

01/05/2006 16:12 FAX 248 626 0051        GARMO & GARMO                        ☒023

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

| 143 | 0010232 | 10/13/2005 | 05:40:32 PM | 926012481501 | $ | 63.22 |
| 144 | 0010232 | 10/13/2005 | 07:35:36 PM | 926012481501 | $ | 50.25 |
| 145 | 0010232 | 10/13/2005 | 08:33:23 PM | 926012481501 | $ | 59.99 |
| 146 | 0010232 | 10/13/2005 | 09:35:54 PM | 926012481501 | $ | 72.00 |
| 147 | 0010232 | 10/14/2005 | 04:59:16 PM | 926012481501 | $ | 51.50 |
| 148 | 0010232 | 10/14/2005 | 05:35:40 PM | 926012481501 | $ | 72.00 |
| 149 | 0010232 | 10/14/2005 | 07:24:08 PM | 926012481501 | $ | 84.99 |
| 150 | 0010232 | 10/14/2005 | 10:25:07 PM | 926012481501 | $ | 65.99 |
| 152 | 0010232 | 08/12/2005 | 08:42:54 PM | 926012554901 | $ | 79.98 |
| 153 | 0010232 | 10/06/2005 | 12:19:00 PM | 926012766305 | $ | 59.99 |

Attachment C                        Page 4 of 4

01/05/2006 16:12 FAX 248 626 0051          GARMO & GARMO                              ☑024

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

## ATTACHMENT D

In a series of food stamp EBT transactions, there were an inordinate number of transactions ending in a same cents value. Only those transactions of $20 or more are listed below:

| COUNT | STOREID | XTN DATE | XTN TIME | HOUSEHOLD | AMOUNT |
|---|---|---|---|---|---|
| 1 | 0010232 | 10/6/2005 | 06:38:34 PM | 926012766305 | $31.99 |
| 2 | 0010232 | 10/6/2005 | 12:19:00 PM | 926012766305 | $59.99 |
| 3 | 0010232 | 10/13/2005 | 08:33:23 PM | 926012481501 | $59.99 |
| 4 | 0010232 | 10/14/2005 | 07:24:08 PM | 926012481501 | $84.99 |
| 5 | 0010232 | 10/14/2005 | 09:33:44 PM | 926012481501 | $49.99 |
| 6 | 0010232 | 10/14/2005 | 10:25:07 PM | 926012481501 | $65.99 |
| 7 | 0010232 | 9/5/2005 | 11:27:18 AM | 926012168508 | $49.99 |
| 8 | 0010232 | 9/4/2005 | 06:42:53 PM | 926009069301 | $49.99 |
| 9 | 0010232 | 9/9/2005 | 01:59:50 PM | 926008896405 | $42.99 |
| 10 | 0010232 | 9/5/2005 | 04:46:02 PM | 926007578501 | $33.99 |
| 11 | 0010232 | 9/8/2005 | 10:12:33 AM | 926003081300 | $84.99 |
| 12 | 0010232 | 9/5/2005 | 06:57:42 PM | 926002575308 | $58.99 |
| 13 | 0010232 | 10/8/2005 | 10:41:17 AM | 826006405995 | $35.99 |
| 14 | 0010232 | 10/9/2005 | 08:10:24 PM | 826004935795 | $102.99 |
| 15 | 0010232 | 10/10/2005 | 04:16:35 PM | 726013386089 | $74.99 |
| 16 | 0010232 | 9/2/2005 | 04:44:03 PM | 726011836184 | $53.99 |
| 17 | 0010232 | 10/13/2005 | 09:53:18 PM | 726009045788 | $51.99 |
| 18 | 0010232 | 10/14/2005 | 05:02:12 PM | 726009045788 | $59.99 |
| 19 | 0010232 | 9/2/2005 | 06:49:50 PM | 726005235787 | $26.99 |
| 20 | 0010232 | 9/2/2005 | 02:59:14 PM | 626006999773 | $25.99 |
| 21 | 0010232 | 10/3/2005 | 02:47:02 PM | 626006999773 | $39.99 |
| 22 | 0010232 | 10/29/2005 | 08:47:40 PM | 626004963775 | $29.99 |
| 23 | 0010232 | 10/30/2005 | 01:46:01 PM | 626004963775 | $50.99 |
| 24 | 0010232 | 9/8/2005 | 08:57:17 PM | 626003022074 | $37.99 |
| 25 | 0010232 | 10/9/2005 | 06:51:00 PM | 626002705273 | $53.99 |
| 26 | 0010232 | 9/9/2005 | 08:33:12 PM | 626002084879 | $20.99 |
| 27 | 0010232 | 10/9/2005 | 12:16:38 PM | 626002084879 | $89.99 |
| 28 | 0010232 | 9/13/2005 | 04:45:55 PM | 526012547063 | $35.99 |
| 29 | 0010232 | 10/1/2005 | 10:42:27 AM | 526012345660 | $59.99 |
| 30 | 0010232 | 10/1/2005 | 10:46:03 AM | 526012345660 | $25.99 |
| 31 | 0010232 | 10/8/2005 | 01:06:58 PM | 526011540562 | $44.99 |
| 32 | 0010232 | 10/1/2005 | 11:43:08 AM | 526008619868 | $29.99 |
| 33 | 0010232 | 9/4/2005 | 08:32:43 PM | 526008425664 | $29.99 |
| 34 | 0010232 | 9/11/2005 | 04:30:17 PM | 526003649068 | $99.99 |
| 35 | 0010232 | 9/22/2005 | 04:20:46 PM | 526003020569 | $37.99 |
| 36 | 0010232 | 9/4/2005 | 01:51:33 PM | 526002707960 | $50.99 |
| 37 | 0010232 | 9/3/2005 | 10:05:39 PM | 526002462968 | $28.99 |
| 38 | 0010232 | 9/14/2005 | 08:58:36 PM | 526002384063 | $39.99 |
| 39 | 0010232 | 9/5/2005 | 08:51:06 PM | 426013143051 | $59.99 |
| 40 | 0010232 | 10/6/2005 | 08:53:06 PM | 426013143051 | $23.99 |
| 41 | 0010232 | 10/8/2005 | 06:18:07 PM | 426013143051 | $32.99 |
| 42 | 0010232 | 10/5/2005 | 03:18:17 PM | 426012417557 | $49.99 |
| 43 | 0010232 | 10/13/2005 | 04:27:14 PM | 426011172252 | $20.99 |
| 44 | 0010232 | 10/14/2005 | 11:34:08 AM | 426011172252 | $25.99 |

American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

| | | | | | |
|---|---|---|---|---|---|
| 45 | 0010232 | 10/27/2005 | 12:06:28 PM | 426009749950 | $25.99 |
| 46 | 0010232 | 9/8/2005 | 05:42:21 PM | 426009236255 | $61.99 |
| 47 | 0010232 | 9/2/2005 | 08:54:11 PM | 426008270053 | $25.99 |
| 48 | 0010232 | 9/5/2005 | 04:41:43 PM | 426006318155 | $35.99 |
| 49 | 0010232 | 9/18/2005 | 01:03:12 PM | 426006177650 | $38.99 |
| 50 | 0010232 | 9/18/2005 | 02:10:39 PM | 426006177650 | $25.99 |
| 51 | 0010232 | 9/18/2005 | 05:47:10 PM | 426006177650 | $38.99 |
| 52 | 0010232 | 9/18/2005 | 06:32:14 PM | 426006177650 | $34.99 |
| 53 | 0010232 | 10/13/2005 | 03:58:17 PM | 326007041143 | $52.99 |
| 54 | 0010232 | 9/20/2005 | 06:35:15 PM | 326004699448 | $75.99 |
| 55 | 0010232 | 10/9/2005 | 06:47:11 PM | 326003182844 | $49.99 |
| 56 | 0010232 | 9/7/2005 | 08:38:38 PM | 326002637547 | $39.99 |
| 57 | 0010232 | 9/7/2005 | 08:53:54 PM | 226011383533 | $26.99 |
| 58 | 0010232 | 9/7/2005 | 12:13:41 PM | 226011383533 | $47.99 |
| 59 | 0010232 | 9/12/2005 | 07:39:17 PM | 226011383533 | $24.99 |
| 60 | 0010232 | 10/4/2005 | 05:16:24 PM | 226011383533 | $39.99 |
| 61 | 0010232 | 10/4/2005 | 07:50:13 PM | 226011383533 | $29.99 |
| 62 | 0010232 | 9/8/2005 | 10:27:17 AM | 226008563632 | $68.99 |
| 63 | 0010232 | 9/1/2005 | 11:49:54 AM | 226008144330 | $51.99 |
| 64 | 0010232 | 9/8/2005 | 08:33:40 PM | 226006797737 | $49.99 |
| 65 | 0010232 | 9/8/2005 | 05:38:15 PM | 226004797533 | $24.99 |
| 66 | 0010232 | 9/8/2005 | 05:14:02 PM | 226003041630 | $49.99 |
| 67 | 0010232 | 9/3/2005 | 04:23:29 PM | 226002658537 | $79.99 |
| 68 | 0010232 | 9/3/2005 | 04:26:09 PM | 226002658537 | $25.99 |
| 69 | 0010232 | 10/3/2005 | 04:53:32 PM | 228002544535 | $29.99 |
| 70 | 0010232 | 9/7/2005 | 05:26:04 PM | 126013183426 | $25.99 |
| 71 | 0010232 | 10/10/2005 | 09:23:02 PM | 126008442924 | $44.99 |
| 72 | 0010232 | 10/4/2005 | 03:22:36 PM | 126007071128 | $69.99 |
| 73 | 0010232 | 9/4/2005 | 06:46:36 PM | 126003444822 | $44.99 |
| 74 | 0010232 | 10/6/2005 | 11:40:10 AM | 126002910326 | $57.99 |
| 75 | 0010232 | 9/2/2005 | 08:43:44 PM | 126002575820 | $60.99 |
| 76 | 0010232 | 9/2/2005 | 08:45:53 PM | 126002575820 | $32.99 |
| 77 | 0010232 | 9/6/2005 | 03:32:43 PM | 126002575820 | $20.99 |
| 78 | 0010232 | 9/7/2005 | 04:41:56 PM | 026012970219 | $89.99 |
| 79 | 0010232 | 9/8/2005 | 05:19:39 PM | 026012970219 | $37.99 |
| 80 | 0010232 | 9/2/2005 | 10:28:48 AM | 026012625916 | $34.99 |
| 81 | 0010232 | 10/2/2005 | 01:55:13 PM | 026012574118 | $49.99 |
| 82 | 0010232 | 9/4/2005 | 02:29:50 PM | 026012301019 | $59.99 |
| 83 | 0010232 | 10/6/2005 | 12:42:19 PM | 026006967619 | $47.99 |
| 84 | 0010232 | 10/6/2005 | 02:14:40 PM | 026006967619 | $32.99 |
| 85 | 0010232 | 10/7/2005 | 06:11:03 PM | 026006967619 | $47.99 |
| 86 | 0010232 | 10/19/2005 | 11:36:03 AM | 026006967619 | $39.99 |
| 87 | 0010232 | 9/7/2005 | 12:58:34 PM | 026006127012 | $27.99 |
| 88 | 0010232 | 10/7/2005 | 01:38:40 PM | 026005546212 | $43.99 |
| 89 | 0010232 | 10/7/2005 | 01:49:34 PM | 026005546212 | $22.99 |
| 90 | 0010232 | 10/7/2005 | 07:20:44 PM | 026002748217 | $24.99 |

FROM GRACE TITLE AGENCY, INC.        (FRI)APR  7 2006 15:17/ST. 15:14/No. 6806780005 P  2



### UNITED STATES DEPARTMENT OF
# AGRICULTURE

United States
Department of
Agriculture

**FEDERAL EXPRESS**

Food and
Nutrition
Service

April 5, 2006

Detroit
Field Office

Steven Nazar Garmo, President
Freddy Abraham Garmo, Vice President
American Joy, Inc. D/b/a
M & S Liquor
7459 Joy Road
Detroit, Michigan 48204

Patrick V. McNamara
Building, Room 278
477 Michigan Ave.
Detroit, Michigan
48226-2518

Phone:
313-226-4930
FAX:
313-226-4584

Dear Messrs. Garmo:

Careful consideration has been given to the information and evidence
available to us relating to our letter of charges dated January 3, 2006, to our
corrected letter dated January 17, 2006, and your reply dated January 17,
2006.

Your response included the following:
- The firm was purchased for your nephew, Ivan Garmo about a year
  ago.
- Both officers are attorneys and not involved in the day to day
  operation of the firm.
- Frank Garmo was hired to train all employees and remained at the
  firm 90 days after the purchase.
- Last summer Ivan informed you that he no longer wished to operate
  the business.
- A Manager was hired; the business is in the process of being sold.
- Invoices of purchases made by the firm for several months were
  provided for review.

Please be advised while this is only a summary of your reply, it has been
considered in its entirety in making this decision. On the basis of the
evidence, we find that the violations as outlined in our letter of charges to
American Joy, Inc., D/b/a M & S Liquor, 7459 Joy Road, Detroit, Michigan
did, in fact, occur at this firm. Records of Michigan Bridge EBT Card activity
for the period May through October, 2005 disclosed numerous transactions
or series of transactions clearly far beyond the legitimate capabilities of the
store -and, therefore, indicative of trafficking.

AN EQUAL OPPORTUNITY EMPLOYER

M & S Liquor
Page 2

M & S Liquor does not offer the range of food inventory and/or possess checkout facilities adequate to accommodate such transactions as outlined in the letter of charges legitimate transactions or series of transactions much in excess of $50 clearly being unsustainable. Counter space at checkout is inadequate to accommodate the transactions at issue and the stock was outdated and dusty indicating slow turnover.

Section 278.6(i) of the Food Stamp Program Regulations allow for the substitution of a civil money penalty in trafficking cases, providing the firm submits "substantial evidence" that it, "at a minimum", fulfills four criteria specified in that same section.

You did not provide "...dated training material and records of dates training sessions were conducted", and documentation of employee(s) initial and any follow-up training held prior to the violation(s).  Moreover, as the proceeds of Michigan Bridge Card transactions are directly credited to the firm's bank account, it cannot be claimed that "neither firm ownership nor management....benefited from, or were in any way involved in the conduct or approval of trafficking violations."  Therefore, American Joy, Inc., D/b/a M & S Liquor fails to qualify for substitution of a civil money penalty in lieu of permanent disqualification.

You are hereby notified that in accordance with Section 278.6(e)(1)(i) of the Food Stamp Program Regulations, M & S Liquor is permanently disqualified from the Food Stamp Program.

In accordance with Section 14(a) of the Food Stamp Act, as amended by Section 845 of the Personal Responsibility and Work Opportunity Reconciliation Act of 1966 (Public Law 104-193) signed August 22, 1996, this determination is effective on the date you receive this notice. This action is taken under the authority of Section 278.6(a) of the regulations governing the Food Stamp Program.

If you are an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), you may be disqualified from the WIC Program as a result of your disqualification from the Food Stamp Program (FSP).  In accordance with current law governing both the FSP and the WIC Program, such a WIC Program disqualification is not subject to administrative or judicial review under the WIC Program.

M & S Liquor
Page 3

In the event any retail food store or wholesale food concern which has been disqualified is sold or the ownership thereof is otherwise transferred to a purchaser or transferee, the person or other legal entity who sells or otherwise transfers ownership of the retail food store or wholesale food concern shall be subjected to and liable for a civil money penalty in an amount to reflect that portion of the disqualification period that has not expired, to be calculated using the method found at §278.6(g). If the retail food store or wholesale food concern has been permanently disqualified, the civil money penalty shall be double the penalty for a ten year disqualification period. The disqualification shall continue in effect at the disqualified location for the person or other legal entity who transfers ownership of the retail food store or wholesale food concern notwithstanding the imposition of a civil money penalty under this paragraph.

M & S Liquor may not accept food stamp benefits after the close of business on the effective date of disqualification. Banks and wholesalers will be notified not to accept food coupons from your firm after the third banking day following the effective date of this order. Any food coupons on hand at the close of business on the effective date must be redeemed within 3 banking days. If your firm accepts <u>Food Stamp</u> Electronic Benefit Transfer (EBT) cards (Michigan Bridge Card), your EBT system will be shut off on or shortly after the date of your disqualification. You may not accept Electronic Benefit Transfer (EBT) cards, after the date of disqualification. If your firm does continue to accept food stamp benefits after your store has been disqualified, you could be fined for unauthorized redemption as described in Food Stamp Program Regulation 278.6(m).

The authorization card, number 0010232, all unused redemption certificates, an all posters, forms and other official materials relating to the program must be mailed no later than the third banking day after the above-described effective date to Shirley A. Myles, Officer-In-Charge, USDA, Food and Nutrition Service, 477 Michigan Ave., Room 278, Detroit, Michigan 48226. Failure to promptly return the material requested could jeopardize any future reauthorization.

**If you have State funded EBT equipment, please contact the Citicorp Retail Support Services Office at 1-800-350-8533 (Monday-Friday 8:00 a.m. - 5:00 p.m.) to have your EBT equipment removed. DO NOT return your EBT equipment to this office.**

M & S Liquor
Page 4

Even though the permanent disqualification is effective upon receipt of this
letter in accordance with Section 14(a) of the Food Stamp Act, as amended,
you may submit a timely written request for review to:

>    Director, Administrative Review Division
>    Food and Nutrition Service
>    U.S. Department of Agriculture
>    3101 Park Center Dr., Rm. 608
>    Alexandria, VA  22302.

Your request for review must be postmarked by midnight of the 10th
calendar day after you receive this notice, in order to be considered timely.
If the 10th day of the period for requesting review falls on Saturday, Sunday
or legal (Federal) holiday, a request for review will be considered timely if it is
postmarked the next day which is not a Saturday, Sunday or legal (Federal)
holiday.

The rules governing your review rights are contained in Section 278.8 and
Part 279 of the Food Stamp Program Regulations.

If the permanent disqualification of your firm is later reversed through
administrative or judicial review, the U.S. Department of Agriculture shall not
be liable for the value of any sales lost during the period of disqualification
you served.

This determination shall not preclude the Department of Agriculture or any
other agency or department of the United States from taking further action to
collect any claim determined under the regulations governing the Food
Stamp Program or under any other pertinent statutes or regulations, nor
shall this determination preclude prosecution under any applicable penal
statutes.

Sincerely,

Shirley A. Myles
Officer-in-Charge
Detroit Field Office

bjw

cc:  Marshal Garmo, Attorney, Garmo & Daoud, P.C.
     6960 Orchard Lake Rd., Suite 239
     W. Bloomfield, MI 48322

**USDA**

**United States Department of Agriculture**

Food and Nutrition Service

Administrative Review Branch Suite 608

3101 Park Center Drive

Alexandria, VA 22302

(703) 305-2645

General: (703) 305-2820

August 3, 2006

Marshal A. Garmo
Attorney at Law
124 W. Main Street
El Cajon, CA 92020

**Re: American Joy d/b/a M & S Liquor v. Detroit, Michigan Field Office**

Dear Mr. Garmo:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service in response to your request for administrative review on April 11, 2006. Also included therein is a statement regarding your rights to a judicial review.

It is the decision of the USDA that there is sufficient evidence to support a finding that a Permanent Disqualification from participating as an authorized retailer in the Food Stamp Program was properly imposed against American Joy d/b/a M & S Liquor by the Detroit, Michigan Field Office.

Sincerely,

JERRY A. MASEFIELD
Administrative Review Officer

Enclosure

U.S. Department of Agriculture
Food and Nutrition Service
Administrative Review
Alexandria, VA 22302

| | | |
|---|---|---|
| American Joy d/b/a M & S Liquor, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **Case Number: C0106627** |
| | ) | |
| Detroit, Michigan Field Office, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), that there is sufficient evidence to support a finding that a Permanent Disqualification from participation as an authorized retailer in the Food Stamp Program was properly imposed against American Joy d/b/a M & S Liquor (hereinafter "M & S") by the Detroit, Michigan Field Office (hereinafter "Field Office").

## ISSUE

The issue accepted for review is whether the Field Office took appropriate action, consistent with 7 CFR § 278.6(e)(1)(i) in its administration of the Food Stamp Program (FSP) when it imposed a Permanent Disqualification against M & S on April 5, 2006.

## AUTHORITY

7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1 provide that "[A] food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS.

## STATEMENT OF THE CASE

In a letter dated January 17, 2006, the Field Office informed Appellants that they were in violation of the terms and conditions of the Food Stamp Program regulations, 7 CFR § 270 – 282, based on EBT Food Stamp benefit transactions considered to "establish a clear and repetitive pattern of unusual, irregular, and inexplicable FSP activity for your type of firm."

Appellant Steven Nazar Garmo, accompanied by counsel, subsequently replied to the charges at the Field Office, providing documentation to support that all employees had been previously trained on the rules and regulations of the FSP.

After giving consideration to the firm's reply and evidence of the case, the Field Office notified Appellants in a letter dated April 5, 2006 that their store was being permanently disqualified from participation in the Food Stamp Program in accordance with 7 CFR § 278.6(e) for trafficking violations. On April 11, 2006, Appellants, through counsel, appealed the Field Office's assessment and requested an administrative review of this action. The appeal was granted.

## ANALYSIS AND FINDINGS

In administrative proceedings involving disputes of regulatory actions or inactions, USDA assumes the responsibility of establishing a sufficient factual record to prove or disprove the allegations of the appeal. The record is then reviewed in light of the evidentiary standards and analytical frameworks established by various courts of law.

In appeals of adverse actions, Appellant bears the burden of proving by a clear preponderance of the evidence, that the administrative actions should be reversed. That means Appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, might accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

### I

The controlling statute in this matter is contained in the Food Stamp Act of 1977, as amended, 7 U.S.C. § 2021 and 278 of Title 7 of the Code of Federal Regulations (CFR). Part 278.6(e)(1)(i) establishes the authority upon which a permanent disqualification may be imposed against a retail food store or wholesale food concern in the event that personnel of the firm have engaged in trafficking of Food Stamp benefits. There also exist FNS policy memoranda and clarification letters, which further explain the conditions necessary in order to impose permanent disqualifications against firms.

7 CFR § 278.6(e)(1)(i) reads, in part, "FNS shall disqualify a firm permanently if personnel of the firm have trafficked as defined in § 271.2." Trafficking is defined, in part, in 7 CFR § 271.2, as "the buying or selling of Food Stamp coupons or other benefit instruments for cash or consideration other than eligible food."

### II

On review, charges were based on an analysis of EBT Food Stamp benefit transaction data during the six-month period May 2005 through October 2005, and involved four patterns of EBT transaction characteristics indicative of trafficking: 1) Multiple transactions of individual household accounts within unusually short time frames; 2) Multiple transactions of individual household accounts within minutes; 3) Excessively

2

large transactions; and, 4) Inordinate number of high dollar transactions ending in a same cents value.

What follows represents only a brief summary of the contentions presented in this matter. Please be assured, however, that, in reaching a decision, full attention and consideration have been given to all contentions presented, including any not specifically recapitulated or specifically referenced herein.

Appellants contend as their position in the matter essentially as follows:

- There is no evidence whatsoever of any trafficking;
- Evidence of food purchases for the six months in question were presented that supports all the transactions that FNS claims to be beyond the reasonable capability of the store;
- The number of large transactions is normal even for a small store because of the way large families spend food stamps;
- Owners did not participate or benefit from the alleged trafficking; and
- A civil money penalty in lieu of a permanent disqualification is warranted as the testimony of the President of the corporation showed that proper training was given.

### III

With respect to Appellants' contentions that there is no evidence of trafficking and that the transactions cited are within the capability of the store, the issue here is whether there is sufficient evidence, through a preponderance of that evidence, that it is more likely true than not true that questionable transactions were the result of trafficking.

On December 20, 2005, Field Office representatives visited M & S to observe the nature and scope of the firm's operation, stock and facilities to see if there were justifiable explanations for EBT transactions of the firm that formed patterns indicative of trafficking. It was observed that M & S sold convenience store type foods, carried no fresh meats or fresh produce, and did not offer the range of food inventory or possess checkout facilities adequate to support high dollar and rapid consecutive transactions.

The store's storage room had no food stock other than soft drink beverages with which to restock shelves that would have needed replenishment were the store to sell eligible food in amounts indicated by the transactions in question. Rather, the condition of food stock that was available on the sparely filled shelves was observed to be very limited and dusty, indicating very little stock turnaround. Furthermore, store invoices indicated the store's inventory consists mainly of snack and accessory foods, milk, bread and packaged lunch meats, but nothing in quantities sufficient to substantiate the questionable transactions cited in the letter of charges dated January 17, 2005.

The store's checkout area was also too small to fit the amount of food items that would be required for large transactions as it was surrounded by Plexiglas panels for security with only a turnstile window for placing items for purchase. In addition, there was only one

3

EBT point of sale (POS) device to process transactions, no shopping carts or baskets for use by customers to transport large quantities of food to the checkout area, and no scanner or conveyor belt to expedite large or successive transactions.

The Field Office further noted that there were several other stores in the area, two of them supermarkets less than ¾ mile away where Food Stamp customers would be more likely to make large purchases because they are better stocked, better priced and better able to facilitate such purchases than M & S.

The Field Office analysis of the raw EBT transaction data for M & S revealed various patterns indicative of trafficking. The letter of charges lists 153 large dollar transactions that occurred during the focus period ranging in amounts from $50 to $230. The Field Office determined that such transactions were unreasonable in comparison to the store's stock and facilities as indicated above.

Also cited were a number of successive transactions that occurred within an unusually short time frame, with over half occurring within just a few minutes. Considering that transactions would entail customers placing food items on the limited counter space and through the Plexiglas turnstile a little at a time, the clerk handling individual items to determine their price, adding up and bagging the items, informing the customer of the total, pressing the "FSP transaction key" on the POS device, swiping the EBT card, entering the PIN and waiting for the transaction to be processed by the system, it is highly unlikely that successive large transactions, occurring within just a few minutes, could involve the sale of eligible foods.

In addition, people do sometimes forget an item or see something at the checkout and decide to purchase it after they already completed their transaction. In such instances, it is reasonable to expect the subsequent purchase to be for a nominal amount because it is quite rare to find very expensive items positioned at the checkout area, especially in smaller stores. However, in many of the questionable transactions, the subsequent transaction was for amounts that exceed any nominal, afterthought purchase. In some cases the amounts of subsequent transactions equaled or exceeded the first transaction amount, a very unusual spending practice.

Besides high dollar and rapid consecutive transactions, almost 12 percent of all EBT transactions occurring during the six-month focus period were of same cents value ending in 99 cents. Of these transactions, 45 percent were over $20. One household who lives in an alcohol treatment center, with no place for individual cooking, made four transactions totaling $138.96, all ending in .99 cents, and all in one day.

The Field Office's analysis of Appellants' EBT transaction record, upon which charges of violations are based, together with observations during the store visit, provides substantial evidence that questionable transactions during the focus period have characteristics that are not consistent with legitimate sales of eligible food to EBT customers at a store of this type, size and makeup. Rather, the characteristics are indicative of illegal trafficking in program benefits. Appellants' contentions that there is no evidence of trafficking and that the transactions cited are within the capability of the store do not adequately explain the

questionable transactions.

## IV

With respect to Appellants' contention that they did not participate or benefit from the alleged trafficking, even though Appellants may not have personally violated FSP regulations, as owners of the store, Appellants are liable for all violative transactions handled by store personnel. Regardless of whom the ownership of a store may utilize to handle store business, ownership is accountable for the proper handling of FSP benefit transactions. To allow store ownership to disclaim accountability for the acts of persons whom the ownership chooses to utilize to handle store business would render virtually meaningless the enforcement provisions of the Food Stamp Act and the enforcement efforts of the USDA.

Regarding Appellants' contention that a civil money penalty in lieu of a permanent disqualification is warranted because the testimony of the firm's President showed that prior training was given to all employees, there is a provision at 7 CFR § 278.6(i) for the imposition of a civil money penalty in lieu of permanent disqualification for trafficking. Appellants were advised of this provision in the charge letter of January 17, 2005 from the Field Office which also advised Appellants that they had to meet each of the four criteria listed in that provision and provide the required documentation as specified. The signed statement from Frank Garmo indicating that he was hired in December 2004 to train all employees on FSP rules, submitted by Appellant Steven Nazar Garmo during his visit to the Field Office to orally reply to the charges, does not establish fulfillment of the four criteria required for eligibility of M & S to be considered for a civil money penalty in lieu of a permanent disqualification for trafficking. Therefore, the decision of the Field Office not to consider imposition of a civil money penalty is sustained as appropriate pursuant to 7 CFR § 278.6(b)(2)(ii) and § 278.6(i).

## CONCLUSION

The record has yielded no indication of error or discrepancy in the reported findings by the Field Office that program benefits were accepted in exchange for cash or consideration other than eligible food. Therefore, based on a review of the evidence in this case, it is more likely true than not true that program violations did, in fact, occur as charged and that the Field Office has provided adequate evidence of trafficking violations. Based on the discussion above, the decision to impose a permanent disqualification against M & S from participation in the FSP is sustained.

## RIGHTS AND REMEDIES

Your attention is called to Section 14 of the Food Stamp Act (7 U.S.C. 2023) and to Section 279.7 of the Regulations (7 CFR § 279.7) with respect to your right to a judicial review of this determination. Please note that if a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which you reside or are engaged in business, or in any court of

record of the State having competent jurisdiction.  If any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision.

Under the Freedom of Information Act (FOIA), it may be necessary to release this document and related correspondence and records upon request.  If we receive such a request, we will seek to protect, to the extent provided by law, personal information that if released, could constitute and unwarranted invasion of privacy.


JERRY A. MASEFIELD
ADMINISTRATIVE REVIEW OFFICER

August 3, 2006

DATE

# USDA   UNITED STATES DEPARTMENT OF AGRICULTURE

United States
Department of
Agriculture

**FEDERAL EXPRESS**

Food and
Nutrition
Service

January 16, 2007

Detroit
Field Office

Patrick V. McNamara
Building, Room 278
477 Michigan Ave.
Detroit, Michigan
48226-2518

Phone:
313-226-4930
FAX:
313-226-4584

Steven Nazar Garmo
31899 Bristol
Farmington Hills, Michigan 48334

Freddy Abraham Garmo
509 Vista Del Escuela
El Cajon, California  92019

Re:  M & S Liquor, 7459 Joy Road, Detroit, Michigan 48204

Dear Mssrs Garmo:

On April 6, 2006, you received a notice of disqualification from our office. This notice also informed you that you would be assessed a civil money penalty in addition to your disqualification from the Food Stamp Program if you sold or otherwise transferred ownership of your firm.  We have determined that on November 10, 2006 this firm was sold or ownership otherwise transferred.

Therefore, in accordance with Section 278.6 (f)(2) of the regulations (copy enclosed) governing the Food Stamp Program, you are hereby notified that a lump sum civil money penalty of $44,000 is assessed against you.  You shall have 15 calendar days following your receipt of this notice in which to pay $44,000 in a lump sum.

If you wish to pay the civil money penalty in one lump sum or in installment payments you may make your payment(s) on-line to FNS on the FNS website http://www.fns.usda.gov/fns/fm.htm using your credit card, bank checking or savings account.  If you are unable to pay the civil money penalty in one lump sum, you must contact John Patton, USDA, Food and Nutrition Service, Financial Management, Accounting Division at (703) 305-1458, to arrange an acceptable payment plan.  Should an acceptable installment plan be arranged to pay the civil money penalty, the initial payment and a letter informing us of your intention to pay the balance in the manner agreed upon must reach this office no later than 15 days from your receipt of this letter.

M & S Liquor
Page 2

**If you are planning to use Pay.gov to make payments please refer to the enclosed "Bill for Collection" for the customer account number and receivable number.  Both of these numbers are required to use the on-line payment option.  If you do not wish to make your payment on-line you may submit your payment to the following address:**

> U.S.D.A.- FNS- HQ
> P.O. Box 979027
> St. Louis, Missouri 63195-3807

Your cashier's check or money order submitted in payment must show the name of your former firm and the words "Civil Money Penalty Payment."

This determination will be final unless you submit a timely written request for review to the Director, Administrative Review Division, Food and Nutrition Service, USDA, 3101 Park Center Drive, room 608, Alexandria, Virginia 22302.  Your request for review must be postmarked by midnight of the 10th calendar day after you receive this notice in order to be considered timely.  If the 10th day of the period for requesting review falls on a Saturday, Sunday, or legal (Federal) holiday, as specified in Section 279.5 of the regulations, a request for review will be timely if it is postmarked the next day which is not a Saturday, Sunday, or legal  (Federal) holiday.

If a timely request for review is made, no payment should be sent. Collection will be held in abeyance until a decision in your case has been made by the Review Officer.  The rules governing your review rights are contained in Section 278.8 and Part 279 of the Food Stamp Program Regulations.

This determination shall not preclude the Department of Agriculture or any other agency or department of the United States from taking further action to collect any claim determination under the regulations governing the Food Stamp Program under any other pertinent statutes or regulations, nor shall this determination preclude prosecution under any applicable penal statutes.

Sincerely,

Shirley A. Myles
Officer-in-Charge
Detroit Field Office


Enclosure:  Food Stamp Program Regulations

| Standard Form 1114 | BILL FOR COLLECTION |
|---|---|

| Billing Agency: | |
|---|---|
| HQ - FOOD AND NUTRITION SERVICE | Bill Number: MWRO - 1C070724 |
| 3101 Park Center | Bill Date: 1/10/2007 |
| Room 724 | |
| Alexandria, VA 22302 | |
| Contact: Financial Management | |
| Telephone: (703) 305-2855 | |

| Payer: | |
|---|---|
| M & S Liquor | This bill should be returned by the payer with the remittance below. |
| 7459 Joy Road | SEE INSTRUCTIONS BELOW |
| Detroit, MI 48204 | |
| Receivable Number: RM200702000802001 | |
| Customer Account Number: C0106627000 | |

| DESCRIPTION | AMOUNT |
|---|---|
| CUMULATIVE BILL TOTAL | 44,000.00 |

| INSTRUCTIONS | THIS IS NOT A RECEIPT |
|---|---|

The payment due date is 15 days following the bill date indicated on this notice or the certified mail receipt date, whichever is later. Pursuant to 31 USC 3717, additional charges will be assessed on payments received after the due date, including; (1) interest from the date the debt is owed; (2) administrative charges; and (3) penalties, not to exceed the Treasury Cost of Funds Rates on any portion of the debt delinquent for more than 15 days, accrued from the original service date.

Online payments go to    http://www.fns.usda.gov/fns/fm.htm    and click on "Payments"
Online Technical Support: (877) 807-4135 (toll free), Customer Account Support: (703) 305-2855, Monday thru Friday 9 a.m. to 6 p.m. (eastern)

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

Detach Here.

Please make your payment online at    http://www.fns.usda.gov/fns/fm.htm    (click on "Payments") or mail this portion with your payment.
To ensure proper credit please write your receivable number on your check.

Bill Number: MWRO - 1C070724
Receivable Number: RM200702000802001
Customer Account Number: C0106627000

Remit Info:
                    Mail this portion and payment to:
                    HQ - FOOD AND NUTRITION SERVICE
                    Attention: Accounting Division
                    PO Box 979027
                    St. Louis, MO 631979000

                    Remit Telephone:    (703) 305-2855

1

Spencer C. Skeen
Direct Dial: (619) 525-3844
E-mail: scs@procopio.com
Personal Fax: (619) 744-5484

March 2, 2007

**VIA EMAIL:  richard.havnen@fns.usda.gov**

Richard J. Havnen
Administrative Review Officer
United States Department of Agriculture
Food and Nutrition Service
Administrative Review Branch
11000 Truchard Court
Bakersfield, CA 93312-6723

      Re:   M & S Liquor
             7459 Joy Road
             Detroit, Michigan 48204

Dear Mr. Havnen:

This firm represents M & S Liquor ("M & S"), located at 7459 Joy Road, in Detroit Michigan.  Please direct further correspondence concerning M & S to my attention.

M & S requested administrative review of the initial decision of the Food and Nutrition Service ("FNS") to assert a civil money penalty ("CMP") against M & S in the amount of $44,000 due to sale of the store while under a period of disqualification from the Food Stamp Program.  I am in receipt of your correspondence dated February 8, 2007, addressed to Mr. Freddy Garmo of M & S, which concerns this request for review.  In your letter, you ask Mr. Garmo to provide information in support of the request for administrative review showing the grounds on which review is sought.  This letter is in response to your request.

M & S is in the process of investigating the facts and basis for the agency's decision to impose a $44,000 CMP.  Until further information is obtained, all potential bases for review cannot be identified.  Upon initial review, it appears the agency's decision to impose a $44,000 CMP is erroneous for a number of reasons.

First, it appears to be based on a determination that M & S committed a total of four (4) trafficking violations.  However, the "Final Agency Decision" issued by the FNS does not clearly indicate the number of violations that were found.

Richard J. Havnen
March 2, 2007
Page 2

Second, it appears the agency imposed the maximum $11,000 fine for each violation. Yet, the Agency was required to determine the store's average monthly redemptions for the 12-month period prior to the store's alleged violations, and then perform the calculations specified in 7 C.F.R. 278.6(g). *See* 7 C.F.R. 278.6(g) and 7 C.F.R. 3.91(b)(3)(i); *Estrema v. United States*, (7th Cir. 2006) 442 F.3d 580. Although it is not entirely clear from the record, it appears that the agency simply applied the maximum CMP, $11,000 per violation, to impose a total fine of $44,000. Please identify the methodology used for determining the amount of the fine imposed against M & S along with the monthly redemption figures, if any, considered by the agency.

Third, the USDA's methodology for calculating penalties upon sale of a disqualified vendor under 7 C.F.R. 278.6(f)(2) is arbitrary and capricious, unconstitutional as an excessive fine, and unenforceable to the extent it appears to allow penalties to be based on monthly averages applied over a 20-year calculation period.[1] This conflicts with many provisions of the C.F.R., which provide that the agency may authorize vendors for a "maximum period of 5 years." The regulations further provide that "the specification of an authorization period in no way precludes FNS from . . . terminating or withdrawing the authorization." In addition, after expiration of the authorization period, the vendor must reapply for authorization. See 7 C.F.R. 278.1(j)-(n). In other words, the FNS promises no more than five (5) years of authorization at a time. Yet, the FNS presupposes a 20-year authorization period only for the purpose of calculating civil money penalties.

The FNS clearly uses this fictional 20 year authorization period solely to increase the allowable fine and its anticipated revenue stream. There is no rational, legal basis for use of the 20-year period, especially in this instance.

As you know, CMP fines are to be based on the "number of months" the firm would have been disqualified. 7 C.F.R. 278.6(g)(3). The "number of months" must be determined from the unexpired term of the firm's authorization period or else they run the risk of being arbitrary and capricious. Courts considering the issue have held that the regulatory formula for calculating a CMP in the case of trafficking is not arbitrary where it "is designed to recapture the profits retailers earn from their food stamp programs." This is why first offenders are required to pay a CMP equal to their estimated profits for the next five years. 7 C.F.R. § 278.6(i). To the extent the formula imposes greater penalties on retailers serving poorer customers, it does so for a rational reason-they have greater food stamp profits." *Vasudeva v. U.S.*, (9th Cir. 2000) 214 F.3d 1155, 1160.

The FNS cannot possibly presuppose a vendor will profit from participation in its program for a period of 20 years when it does not authorize participation for that period of time.

---

[1] Agency actions can be set aside if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. A decision is arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Richard J. Havnen
March 2, 2007
Page 3

This means the use of a 20 year period to calculate a CMP upon sale of a disqualified vendor bears no relation whatsoever to anticipated profits from participation in the food stamp program.

The imposition of a $44,000 fine against M & S in this instance is truly arbitrary and capricious and an excessive fine. A fine is unconstitutionally excessive if it is grossly disproportional to the gravity of the defendant's offense. Income earned from the illegal activity can be considered when deciding whether a fine is excessive. *Vasudeva v. U.S.*, (9th Cir. 2000) 214 F.3d 1155, 1161. This vendor was only authorized for a few months before permanent disqualification was imposed. It did not profit $4,400 from participation in the program, much less $44,000.

Please provide the agency's response to the contentions raised in this letter, and the information requested, as soon as possible. Thank you for your anticipated cooperation in this regard. If you have any questions regarding the above or this matter in general, please do not hesitate to contact me.

Very truly yours,

Spencer C. Skeen

SCS:ceb

Richard J. Havnen
March 2, 2007
Page 4


bcc:    Freddy A. Garmo, Esq.  (Via E-Mail:  FGarmo@garmolaw.com)

Exhibit F

**United States
Department of
Agriculture**

Food and
Nutrition
Service

Administrative
Review Branch
Room 432

3101 Park
Center Drive

Alexandria, VA
22302

(703) 305-2335

General:
(703) 305-2820

Fax:
(703) 305-2821

daniel.wilusz
@fns.usda.gov

 **USDA**

**LETTER DELIVERED VIA FEDERAL EXPRESS**

September 22, 2010

Spencer C. Skeen
Procopio, Cory, Hargreaves & Savich, LLP
Attorneys at Law
530 B Street, Suite 2100
San Diego, California 92101-4469

**RE:   Steven Garmo and Freddy Garmo, Former Owners
M & S Liquor
7459 Joy Road
Detroit, Michigan 48204**

Dear Mr. Skeen:

This office has previously written to your office (most recently on April 14, 2008) regarding your clients' administrative review of the United States Department of Agriculture (USDA), Food and Nutrition Service's assessment of a $44,000.00 civil money penalty against your clients as the former owners of M & S Liquor.  Your clients' administrative review has been recently reassigned to me for final determination.

Enclosed is the Final Agency Decision of the USDA, Food and Nutrition Service in response to your clients' February 6, 2007 request for an administrative review.  Also included therein is a statement regarding your rights to a judicial review.

It is the decision of the USDA that there is sufficient evidence to support the decision by the Detroit, Michigan Field Office that a Transfer of Ownership Civil Money Penalty in the amount of $44,000.00 was properly assessed against your clients as the former owners of M & S Liquor.

Sincerely,

Daniel Wilusz
Administrative Review Officer

Enclosure

U.S. Department of Agriculture
Food and Nutrition Service
Administrative Review
Alexandria, VA 22302

Steven Garmo and Freddy Garmo        )
Former Owners                        )
M & S Liquor                         )
                                     )
        Appellant,                   )
                                     )
        v.                           )         Case Number: C0106627
                                     )
Detroit, Michigan Field Office       )
Midwest Region                       )
                                     )
        Respondent.                  )
_____)

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), that there is sufficient evidence to support the initial determination by the Detroit, Michigan Field Office (hereinafter "FIELD OFFICE") to assess a Transfer of Ownership Civil Money Penalty (TOCMP) for the amount of $44,000.00 against Steven Garmo and Freddy Garmo, the former owners of M & S Liquor (hereinafter "M & S").

## ISSUE

The issue accepted for review is whether the FIELD OFFICE took appropriate action, consistent with Federal regulations at 7 CFR § 278.6(f)(2) and 7 CFR § 278.6(g), in its administration of the Supplemental Nutrition Assistance Program (SNAP—formerly known as the Food Stamp Program) when the FIELD OFFICE assessed a TOCMP against M & S on January 16, 2007 for the amount of $44,000.00.

## AUTHORITY

7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1 provide that "[A] food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS."

## STATEMENT OF THE CASE

The material in the administrative file presently before me indicates that M & S was initially notified of the decision to permanently[1] disqualify the store in a letter, dated April 5, 2006, from the FIELD OFFICE and received by the firm's attorney on April 6, 2006. From that time forward, M & S was subject to the provisions of 7 CFR § 278.6(f)(2). M & S was advised on page 3 of this letter of disqualification that the owners would be subject to a civil money penalty should they sell or otherwise transfer the retail food business during the period of disqualification.

M & S requested an administrative review based on this April 5, 2006 action. The FIELD OFFICE original determination to permanently disqualify M & S was sustained by the administrative review officer on August 3, 2006. The disqualification was effective on April 6, 2006.

Copies of a "Land Contract" and "Settlement Statement," contained in the FIELD OFFICE file, indicate that M & S then sold the business to MNAS, LLC on November 10, 2006. The amount of the sale was for $350,000.00.

Since the business was sold subsequent to the receipt of the April 5, 2006 letter of disqualification, the FIELD OFFICE informed M & S, in a letter dated January 16, 2007, that a TOCMP for $44,000.00 was being assessed against the former owners of M & S. This action was done in accordance with the SNAP regulations at 7 CFR § 278.6(f)(2), (3) and (4).

M & S then submitted a request for this administrative review. The request for this review was granted. The basis for the firm's review is discussed in the Analysis and Findings section below.

## ANALYSIS AND FINDINGS

In administrative proceedings involving disputes of regulatory actions or inactions, the FIELD OFFICE assumes the responsibility of establishing a sufficient factual record to prove or disprove the allegations of the appeal. The record is then reviewed in light of the evidentiary standards and analytical frameworks established by various courts of law.

In appeals of adverse actions, an Appellant (i.e., M & S) bears the burden of proving by a preponderance of the evidence, that the administrative actions should be reversed. That means M & S has the burden of providing relevant evidence that a reasonable mind, considering the record as a whole, might accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

I

Program requirements for retail food store participation in the SNAP are specific within the Food and Nutrition Act of 2008, as amended (formerly the Food Stamp Act of 1977), and Federal

---

[1] The permanent disqualification was imposed by the FIELD OFFICE for trafficking.

regulations at 7 CFR § 278.6.  The regulations at 7 CFR § 278.6(f) authorize FNS to assess a TOCMP against the owner(s) of a disqualified retail food store that it has been sold or the ownership is otherwise transferred.

The following steps, based on the regulations at 7 CFR § 278.6(g), are used to calculate the amount of this TOCMP:

*Step 1*: Determine the cumulative redemptions for the 12-month period immediately preceding the issuance of the FIELD OFFICE charge letter.
*Step 2*: Determine the firm's average monthly redemptions (AMR) by dividing the amount derived in *Step 1* by 12.  Round this amount to the nearest dollar.
*Step 3*: Multiply the AMR (as determined in *Step 2*) by .10.  Round this amount to the nearest dollar.
*Step 4*: Multiply the amount derived in *Step 3* by 240.  The number 240 is used for permanent disqualifications in accordance with the Act and the regulations.  The answer is the amount of the TOCMP.[2]

## II

What follows may represent only a brief summary of the contentions presented in this matter.  However, in reaching a decision, full attention and consideration have been given to all contentions presented, including any not fully recapitulated or specifically referenced herein.

M & S, in its request for this review, stated that:

- The Final Agency Decision issued by FNS does not clearly indicate the number of violations that were found.
- The use of a 240-month or 20-year calculation period conflicts with the regulations that authorize vendors for a maximum period of five years.  Therefore the number of months remaining in the disqualification period should be limited to five years.
- It appears that FNS simply applied the maximum fine of $11,000.00 per violation without conducting additional calculations.
- The TOCMP is grossly disproportional to the firm's offense.

## III

The FIELD OFFICE file contained the aforementioned "Land Contract" and "Settlement Statement" documents indicating that the owners of M & S sold the business to MNAS, LLC on November 10, 2006.  The amount of the sale was for $350,000.00. This clearly signifies that M & S sold the business while it was disqualified.[3]  As such, it has been determined that there is enough evidence to support the FIELD OFFICE's determination that this does constitute a sale of a business making M & S subject to the TOCMP as outlined in the Federal regulations at 7 CFR § 278.6(f)(2).

---

[2] Note that $11,000 per violation is the limit for this TOCMP.
[3] The effective date of M & S's permanent disqualification was April 6, 2006.

The firm stated that it was unclear in the Final Agency Decision as to how the number of violations was determined.  On page 1 in the charge letter, dated January 17, 2006, the FIELD OFFICE stated that it is charging M & S "*with the following violations*" and then listed four patterns of unusual, irregular and/or inexplicable SNAP transactions.  These four patterns (i.e., violations) were then discussed at length in the FNS Final Agency Decision released by the administrative review officer on August 3, 2006.  As such, M & S did receive prior notification of the number of violations assessed against the firm.

M & S, in its request for this review, stated that the use of a 240-month or 20-year calculation period conflicts with the regulations that authorize vendors for a maximum period of five years. Therefore, the firm maintains that the number of months remaining in the disqualification period when calculating a TOCMP should be limited to five years.  However, the 240-month calculation period used by FNS for calculating TOCMPs for firms that have been permanently disqualified mirrors the language found in the Food Stamp Act of 1977 which was in effect at the time that this TOCMP was calculated.[4]  Specifically, subparagraph (e)(1) of Section 12 of the Act stated that:

> *If the retail food store...has been disqualified permanently, the civil money penalty shall be double the penalty for a ten-year disqualification period, as calculated under regulations issued by the Secretary.*

Based on the above, it is clear that FNS is utilizing the appropriate number of months in its calculation and that a five-year limit should not be applied to a TOCMP calculated for a permanently disqualified store.

| Table 1. Recalculation of M & S TOCMP Date of Original Charge Letter: January 17, 2006 | | |
|---|---|---|
| | FIELD OFFICE Calculation (Jan 05 – Dec 05) | Admin. Review Recalculation (Aug 00 – Jul 01) |
| Step 1: Cumulative Redemptions for the Preceding 12-Month Period. | $67,414.95 | $67,414.95 |
| Step 2:  Determine the Firm's Avg. Monthly Redemptions (AMR) (Rounded) | $5,618.00 | $5,618.00 |
| Step 3:  Multiply AMR by .10 (Rounded) | $562.00 | $562.00 |
| Step 4: Multiply by 240.[5] | $134,880.00 | $134,880.00 |
| **TOCMP Calculated Total** | $134,880.00 | $134,880.00 |
| Maximum Allowable TOCMP | $44,000.00 | $44,000.00 |
| **TOCMP TO BE ASSESSED** | **$44,000.00** | |

---

[4] Note that this language remains unchanged in the current Food and Nutrition Act of 2008, as amended
[5] FNS uses 240 in this calculation because it is a permanent disqualification.

4

M & S stated that it appears that FNS simply applied the maximum fine of $11,000.00 per violation without conducting additional calculations. The firm also believes that the amount of the TOCMP is grossly disproportional to the firm's offense. As a matter of course in this review, the amount of the TOCMP is recalculated to ensure that the amount assessed by the FIELD OFFICE is the appropriate amount. As indicated in Table 1 above, I recalculated the amount of the TOCMP to be $44,000.00. This amount was determined in accordance with the applicable FNS regulation and is the same as the amount originally determined by the FIELD OFFICE. The formula for computing the TOCMP is directly related to the amount of SNAP violations, redemptions and the length of time in the disqualification period. As such, this amount cannot be further reduced.

## CONCLUSION

Based on the discussion above, the determination of the FIELD OFFICE to assess a TOCMP for $44,000.00 against M & S is sustained.

## RIGHTS AND REMEDIES

Attention is called to Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. 2023) and to the regulations at 7 CFR § 279.7 with respect to the Appellant's right to a judicial review of this determination. Please note that if a judicial review is desired, the Complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which the Appellant resides or are engaged in business, or in any court of record of the State having competent jurisdiction. If any Complaint is filed, it must be filed within thirty (30) days of receipt of this Decision.

Under the Freedom of Information Act (FOIA), it may be necessary to release this document and related correspondence and records upon request. If USDA receives such a request, it will seek to protect, to the extent provided by law, personal information that if released, could constitute an unwarranted invasion of privacy.

September 22, 2010

_____
DANIEL WILUSZ
ADMINISTRATIVE REVIEW OFFICER

_____
DATE

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Garmo, Freddy; Garmo, Steven

**DEFENDANTS**
United States of America; Tom Vilsack, in his official capacity as Secretary of the United States Department of Agriculture

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Garmo & Garmo, LLP; 124 West Main Street Ste. 200, El Cajon, CA 92020

Attorneys (If Known)

'10 CV 2185 JM    BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☒ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 USC 2023; 7 USC 279.7  28-1331 y0/3
Brief description of cause:
Appeal of Administrative Decision

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE
DOCKET NUMBER

DATE
10/22/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT 19433  AMOUNT $350
APPLYING IFP
JUDGE
MAG. JUDGE

CR  MB 10-20-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019433
Cashier ID: mbain
Transaction Date: 10/20/2010
Payer Name: FREDDY GARMO
------------------------------------
CIVIL FILING FEE
  For: GARMO V USA
  Case/Party: D-CAS-3-10-CV-002185-001
  Amount:        $350.00
------------------------------------
CHECK
  Check/Money Order Num: 1067
  Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.
```